**AMERICAN FENCE COMPANY, INC.**

v.

**MRM SECURITY SYSTEMS, INC. and Michael R. Mainiero.**

**Civ. No. N–87–281(JAC).**

United States District Court, D. Connecticut.

March 29, 1989.

**38**

Henry T. Vogt (Day, Berry & Howard), Hartford, Conn., Marvin Glazer, William C. Cahill (Cahill, Sutton & Thomas), Phoenix, Ariz., for plaintiff.

Hugh W. Cuthbertson (Siegel, O'Connor, Schiff, Zangari & Kainen), New Haven, Conn., Anthony J. Casella, New York City, for defendants.

## RULING ON PENDING MOTIONS

### JOSÉ A. CABRANES, District Judge:

The complaint in this action asserts that defendants have infringed upon two patents allegedly owned by plaintiffs, U.S. Patent No. 4,503,423 ("the 423 patent") and U.S. Reissue Patent No. Re. 30,814 ("the 814 patent"). Both of these patents generally relate to "barbed metal tape barriers."

In addition to denying plaintiff's allegations, defendants have raised a number of affirmative defenses, including patent invalidity and patent misuse. Defendants have also counterclaimed for declaratory judgments that certain claims of the patents are invalid and for damages on the basis of antitrust violations and unfair competition.

Each side has now filed a motion for partial summary judgment. Plaintiff seeks an order dismissing the declaratory judgment counterclaims (Counterclaim One and Counterclaim Two), dismissing those portions of the other counterclaims that are based upon the allegations that the patents are invalid and/or that plaintiff has knowingly asserted invalid patents, and striking the affirmative defenses of patent invalidity and patent misuse through invalid claims (Affirmative Defense One, Affirmative Defense Three, and Affirmative Defense Six). Plaintiff argues that defendants are estopped from contending that the patents at issue are invalid. Defendants seek an order declaring that certain claims of the 423 patent are invalid. In the alternative, defendants seek a stay of proceedings with respect to the 423 patent pending the outcome of a reexamination of that patent by the U.S. Patent Office.

Based on the full record of this case, including oral argument on the pending motions, plaintiff's motion for partial summary judgment is hereby GRANTED and defendants' motion for partial summary judgment is hereby DENIED.

## FACTS

The following facts are undisputed. Patent application Serial No. 340,516 was filed January 18, 1982. *See* Defendant Michael R. Mainiero's responses to Plaintiff's First Request for Admissions ("Mainiero's Admissions") at No. 21, attached to Plaintiff's Statement of Material Facts as to Which There is no Genuine Issue to be Tried (filed March 25, 1988) ("Plaintiff's Statement"). This patent application included a "Declaration and Power of Attorney," signed by defendant Michael R. Mainiero ("Mainiero") and two others, stating that

the signatories "verily believe that we are the original, first and joint inventors or discoverers of the invention ... described and claimed in the attached specification." *See id.;* see also Plaintiff's Statement, Exhibit G. Patent application Serial No. 340,516 issued as the 423 patent on March 5, 1985. *See* Plaintiff's Statement, Exhibit A.

Patent application Serial No. 679,326 was filed April 22, 1976, and issued as U.S. Patent No. 4,028,925 on June 14, 1977. *See* Plaintiff's Statement, Exhibit B. An application for "reissue" of U.S. Patent No. 4,028,925 was filed June 13, 1979. *See id.* This application included a "Declaration and Power of Attorney," signed by Mainiero, stating that he verily believed he was "the original, first and sole inventor or discoverer of the invention ... described and claimed in Letters Patent No. 4,028,-925." *See* Plaintiff's Statement, Exhibit F; Mainiero's Admissions at No. 20. U.S. Patent No. 4,028,925 reissued as the 814 patent on December 8, 1981. *See* Plaintiff's Statement, Exhibit B.

Mainiero was a founder of a company called Man Barrier Corporation ("Man Barrier"), and he served as its president from March 1975 through at least January 9, 1985. *See* Mainiero's Admissions at Nos. 9, 12. On January 15, 1982, Mainiero assigned to Man Barrier, for valuable consideration, his entire right, title and interest in any patent that might issue from patent application Serial No. 340,516. *See* Plaintiff's Statement, Exhibit I. On April 19, 1976, Mainiero assigned to Man Barrier, for valuable consideration, his entire right, title and interest in any patent that might issue from patent application Serial No. 679,326. *See* Plaintiff's Statement, Exhibit J. As indicated above, patent application Serial No. 340,516 issued as the 423 patent, and patent application Serial No. 679,326 issued as U.S. Patent No. 4,028,925 and reissued as the 814 patent. Thus Mainiero assigned both the 423 patent and the 814 patent to Man Barrier for valuable consideration.

Man Barrier assigned its entire right, title and interest in the 423 patent and the 814 patent, among others, to American Security Fence Corporation ("American Security"), for valuable consideration, on October 17, 1985. *See* Plaintiff's Statement, Exhibit 1. American Security assigned its entire right, title and interest in the 423 patent and the 814 patent, among others, to plaintiff American Fence Company, Inc. ("American Fence"), for valuable consideration, on September 9, 1986. *See* Plaintiff's Statement, Exhibit 2.

Apparently after leaving Man Barrier, Mainiero participated in the formation and incorporation of defendant MRM Security Systems, Inc. ("MRM"). *See* Mainiero's Admissions at No. 3. Mainiero is president of MRM, a director of MRM, and the majority shareholder of MRM. *See* Mainiero's Admissions at Nos. 1, 5, 6. The present lawsuit, therefore, involves the current assignee of patent rights suing the original assignor and the company the assignor created.

## DISCUSSION

■ Central to the contentions of plaintiff's motion is the doctrine of "assignor estoppel." This doctrine stems from *Westinghouse Electric and Manufacturing Co. v. Formica Insulation Co.*, 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316 (1924), in which the Supreme Court endorsed a rule that an assignor of a patent right is estopped from challenging the validity of the assigned patent when the assignor is sued by the assignee for infringement of the assigned patent. Plaintiff claims that in this case defendants are the assignor of patent rights and an entity in privity with him, while plaintiff is the assignee of the patent rights. Plaintiff argues that defendants are therefore estopped from asserting that the 423 patent and/or the 814 patent are invalid.

The continuing vitality of the doctrine of assignor estoppel was uncertain until the recent case of *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220 (Fed.Cir.), *cert. dismissed,* — U.S. ——, 109 S.Ct. 28, 101

L.Ed.2d 978 (1988). *Diamond Scientific* involved an action for patent infringement brought by the assignee of a patent against the assignor and the corporation the assignor had formed. The assignor, one Dr. Clarence Welter, was the inventor of the item patented, and he had assigned all of his rights in the patent to his employer, Diamond Laboratories, Inc. Some time after making the assignment, Dr. Welter left his job and formed his own company, Ambico, Inc. The patent infringement suit was brought by Diamond Scientific Co., the corporate successor to Diamond Laboratories, Inc., against Dr. Welter and Ambico, Inc. *See Diamond Scientific*, 848 F.2d at 1222.

The opinion of the Court of Appeals for the Federal Circuit, which is binding on this court insofar as it relates to patent law, *see* 28 U.S.C. § 1295(a)(1), upheld a lower court decision striking affirmative defenses of patent invalidity. The Court of Appeals held that assignor estoppel prevented the defendants from challenging the validity of the patents in issue. *Diamond Scientific*, 848 F.2d at 1227. In the words of the late Judge Oscar Davis, "[w]hen the inventor-assignor has signed the Oath, Power of Attorney and Petition, which attests to his belief in the validity of the patents, and has assigned the patent rights to another for court found the assignment and the oath to be enough to support the application of assignor estoppel. 848 F.2d at 1227.

The facts of the present case are strikingly similar to those of *Diamond Scientific*. As in *Diamond Scientific*, the defendants here are the inventor-assignor (Mainiero) and his corporation (MRM Security Systems, Inc.). The inventor assigned his rights in the 423 patent and in the 814 patent to his employer for valuable consideration, as in *Diamond Scientific, see* 848 F.2d at 1225. The fact that at the time of the assignment these patents had not yet been granted is irrelevant. *See* 848 F.2d at 1226. Moreover, the inventor-assignor, Mainiero, signed a "Declaration and Power of Attorney" for each of the two patents that attested to his belief in the validity of the patent.

The only significant difference between the facts of the present case and those of *Diamond Scientific* is that here the plaintiff is not the former employer and immediate assignee of the inventor but rather is the assignee of that assignee (and therefore in privity with the assignee).[1] In the circumstances of this case, however, this difference does not affect the applicability of the doctrine of assignor estoppel. The underlying rationale of assignor estoppel is the unfairness of allowing a person or entity to defend a lawsuit by attacking the validity of a patent after already having received valuable consideration for that very patent by, inter alia, attesting that the patent is valid. *See Diamond Scientific*, 848 F.2d at 1225. That rationale applies equally when the plaintiff in the lawsuit is in privity with the original assignee as when the plaintiff is itself the original assignee. Therefore, just as the doctrine may be asserted by the assignee against the assignor or those in privity with the assignor, *see Diamond Scientific*, 848 F.2d at 1224, I see no reason why it may not be asserted by those in privity with the assignee.

Moreover, the doctrine of estoppel by deed, which has been recognized as the functional equivalent of assignor estoppel, *see* 848 F.2d at 1224, may be invoked by the parties to the deed and by their privies. *See, e.g., Sampson v. United States*, 529 F.2d 1299, 1306 (Ct.Cl.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). The theory is that the right to assert estoppel by deed is transferred along with the property. *See Callahan v. Stewart*, 231 F.Supp. 115 (E.D.Okla.1964). Similarly, when the assignee of a patent who has the power to invoke the doctrine of assignor estoppel assigns the patent, he also transfers the right to assert assignor estoppel.

■ Defendants contend that plaintiff's motion must be denied because the doctrine

---

1. The plaintiff, American Fence, is in fact the corporate successor of American Security, the assignee of the assignee. But just as the *Diamond Scientific* court treated Diamond Scientific Co., the corporate successor to the assignee Diamond Laboratories, Inc., as if it were itself the assignee, this court will treat American Fence as if it, rather than American Security, were the assignee of Man Barrier.

of assignor estoppel is applied only on the basis of a case-by-case equitable evaluation, and according to defendants there is a genuine issue of material fact regarding the equitable evaluation here. This argument misreads the holding of *Diamond Scientific.* It is true that in that case the court stated that its concern was with "the balance of equities between the parties," 848 F.2d at 1225, and in making that balance the court concluded that "the case before us is appropriate for [the use of assignor estoppel]," 848 F.2d at 1226. But the court then found that the facts of (1) the signing of the oath attesting to a belief in the validity of the patent, and (2) the assignment of the patent rights for valuable consideration, were sufficient to tilt the equities in favor of the application of assignor estoppel. 848 F.2d at 1226. In other words, the holding of *Diamond Scientific* was that the existence of these two factors was sufficient as a matter of law to balance the equities against the assignor.[2]

What defendants would have the court do is perform an equitable balancing of the kind done in determining the application of traditional kinds of equitable estoppel. *See* Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (filed April 15, 1988) ("Defendants' Memorandum") at 13–27. Assignor estoppel, however, is a form of *legal* estoppel rather than *equitable* estoppel and therefore is not analyzed by reference to the elements of equitable estoppel. *See Diamond Scientific,* 848 F.2d at 1225. Its functional equivalent, estoppel by deed, applies in situations where there has been an assignment of property and a warranty of title. *See Aluminum Co. of America v. Essex Group, Inc.,* 499 F.Supp. 53, 84 (W.D.Pa.1980); *see also* 6A R. Powell, P. Rohan, & A. Gaudio, The Law of Real Property ¶ 927 (rev. ed. 1988). So too, assignor estoppel applies when there has

been an assignment of a patent and an oath or declaration attesting to the patent's validity.

■ Defendants assert that the present case differs from *Diamond Scientific* because Mainiero, unlike Dr. Welter, did not actively participate in either the prosecution or the preparation of the patent applications. *See* Defendants' Memorandum at 18–19. Active participation, however, is not necessary for the application of assignor estoppel. "The inventor's active participation in the prosecution and preparation of the patent applications, as is alleged here, would tilt the equities even more heavily in favor of the assignee, but consideration of this factor is not necessary to the result." *Diamond Scientific,* 848 F.2d at 1226 (footnote omitted).

■ Defendants argue finally, and most strenuously, that plaintiff's motion cannot be granted because a genuine issue exists regarding whether Mainiero read either "Declaration and Power of Attorney" before he signed them. *See, e.g.,* Defendants' Memorandum at 29–30. Even assuming there to be a genuine issue concerning this matter, however, the court does not believe it to be a material fact. "[A]bsent fraud or mental incompetence, a person who intentionally signs a document is bound by its contents, whether or not he in fact read the document." *Donovan v. Mercer,* 747 F.2d 304, 308 n. 4 (5th Cir.1984); *see also McNally Pittsburg, Inc. v. International Association of Bridge, Structural & Ornamental Iron Workers, AFL–CIO,* 812 F.2d 615, 620–21 (10th Cir.1987) (under normal circumstances ignorance of the contents of a document will not release signer from liability, although if signer reasonably believed document to be something quite different than it is, then signer cannot be bound by its terms); *Fustok v. Conticommodity Services, Inc.,* 577 F.Supp. 852, 856 (S.D.N.Y.1984) (Lasker, J.) (party who has failed to read a contract which he has

---

**2.** Assuming without deciding that, even with the existence of the two factors the *Diamond Scientific* court found dispositive, in some situations competing equities will move the balance to a position rejecting assignor estoppel, defendants here have demonstrated no such competing equity. The only factor they assert that even argu-

ably could constitute such a competing equity is the interest of the public in having worthless patents not be enforced. *See* Transcript of Oral Argument Held December 16, 1988 (filed Jan. 5, 1989) at 9–10. That factor, however, exists in every patent case and was, in fact, considered in *Diamond Scientific. See* 848 F.2d at 1225.

signed cannot rely upon his own negligence to escape liability for his contractual obligations, absent fraud or misconduct by the other party to the contract). It is undisputed that Mainiero intentionally signed the documents and knew each to be a "Declaration and Power of Attorney." *See* Transcript of Deposition of Michael R. Mainiero, attached to Defendants' Rebuttal Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (filed Aug. 12, 1988), at 215, 371. There has been no suggestion here, much less the raising of a genuine issue, regarding fraud or mental incompetence. Accordingly, whether or not Mainiero read the documents before signing them is irrelevant to this motion.

The undisputed facts of this case show it is on all fours with *Diamond Scientific*. The holding of *Diamond Scientific* compels that the court find that the doctrine of assignor estoppel prevents defendants from challenging the validity of either the 423 patent or the 814 patent.

Turning to defendants' motion, the applicability of the doctrine of assignor estoppel to this case allows that motion to be disposed of quickly. Defendants seek partial summary judgment declaring that certain claims in the 423 patent are invalid. This motion cannot be granted because defendants are estopped from asserting that the 423 patent is invalid; in other words, they cannot make such claims. Moreover, to obtain a partial summary judgment defendants would have to get past the estoppel barrier as a matter of *law*, and even if there were genuine issues of material fact regarding the applicability of assignor estoppel to this case, it certainly cannot be said as a matter of law that defendants are *not* so estopped. Defendants appear to concede as much. *See* Transcript of Oral Argument Held December 16, 1988 (filed Jan. 5, 1989) at 5. Similarly, no reason exists for granting defendants' request to stay proceedings pending the outcome of a reexamination of the 423 patent. Even if upon reexamination the U.S. Patent Office finds that the 423 patent is invalid, the defendants will be unable to assert that finding, because the doctrine of assignor estoppel prevents them from challenging the validity of the 423 patent.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment as to Defendants' Defenses and Counterclaims Based Upon the Alleged Invalidity of the Patents in Suit (filed March 25, 1988) is GRANTED. Defendants' Motion for Partial Summary Judgment or, in the Alternative, for a Partial Stay of Proceedings Herein (filed November 14, 1988) is DENIED. Affirmative Defense One, Affirmative Defense Three, and Affirmative Defense Six are stricken. A judgment of dismissal shall enter on Counterclaim One and Counterclaim Two. Those portions of Counterclaim Three and Counterclaim Four that are based on the allegation that certain patents are invalid and/or the allegation that plaintiff has knowingly asserted invalid patents against defendants are dismissed.

It is so ordered.