**HEXCEL CORPORATION, Plaintiff,**

v.

**ADVANCED TEXTILES, INC., and H. Keith Hutson, Defendants.**

**Civ. A. No. A–88–CA–641.**

United States District Court,
W.D. Texas,
Waco Division.

July 24, 1989.

Charles D. Huston, and William G. Schuurman, Austin, Tex., Lawrence Edelman, Dublin, Cal., for plaintiff.

Larry S. Nixon, Arlington, Va., Frank Rivas, San Antonio, Tex., for defendant, Advanced Textiles.

Mark H. Miller, San Antonio, Tex., for defendant Hutson.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered Plaintiff's Motion to Strike and For Failure to State a Claim. After careful consideration, the Court is of the opinion that the Plaintiff's motion is meritorious and should be granted.

Plaintiff Hexcel Corporation ("Hexcel") brought this suit against Defendants Advanced Textiles ("Advanced Textiles") and H. Keith Hutson ("Hutson") alleging patent infringement pursuant to 35 U.S.C. 271 *et seq.* This Court has jurisdiction over this case in accordance with 28 U.S.C. Sections 1338(a) and 1338(b).

The following facts are undisputed. In 1980, Hutson was an employee of Proform, Inc., a company that dealt in the manufacture of structural materials. During his employment with Proform, Hutson assigned to Proform all right, title and interest in a certain type of structural fabric that he had invented. This invention constitutes the subject matter of this suit— Patent No. 4,557,738 (the '738 patent). In assigning the invention to Proform, Hutson signed a Declaration and Power of Attorney attesting to his belief in its patentability. During Hutson's tenure at Proform, Proform made an application for a patent on the invention. Hutson subsequently left his position there and participated in the formation of a new enterprise, Advanced Textiles, Inc., which also dealt in structural materials. In the meantime, Proform had assigned to Knytex, Inc. all right, title and interest in the invention constituting the '738 patent and on February 4, 1986, the '738 patent was formally issued to Knytex. Knytex changed its name to Hexcel Corporation in 1987 and now Hexcel has brought this suit against Hutson and Advanced Textiles alleging infringement of the '738 patent.

In their response to Hexcel's complaint the Defendants have raised several defenses and counterclaims alleging that the '738 patent is invalid. Pursuant to F.R.C.P. 12(f) and 12(b)(6), Hexcel seeks in the motion before the Court to have these averments stricken from Defendants' Answer and Counterclaims under the doctrine of "assignor estoppel."

Rooted in the notion of fair dealing, assignor estoppel is an equitable doctrine which precludes one who has assigned his right to a patent or patent application from later contending that what they assigned was invalid or a nullity. There has been considerable debate concerning the soundness of this doctrine and whether, if applied at all, it should be applied on an equitable estoppel basis by analyzing all the circumstances surrounding a case to determine the balance of equity, or if it should be applied on a legal estoppel basis, with the doctrine being applicable when certain factors are present in a case.

The United States Supreme Court endorsed the doctrine of assignor estoppel in *Westinghouse Electric and Manufacturing Co. v. Formica Insulation Co.*, 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316 (1924). In that case, a Mr. O'Conor, an employee of Westinghouse, assigned to Westinghouse all right, title and interest in a process for making fibrous materials which he had invented. Thereafter, Mr. O'Conor left Westinghouse and became an equal partner in the formation of Formica. Formica then began to manufacture products similar to the invention which O'Conor had earlier assigned to Westinghouse and Westinghouse sued Formica for infringement of the patent they had obtained on the invention. Formica raised certain defenses which revolved around the alleged invalidity and limited scope of the assigned patent. The Court held that Formica, acting in privity with Mr. O'Conor, was estopped from asserting the invalidity of the patent which had been assigned to Westinghouse. The

court viewed this as akin to estoppel by deed, a form of legal estoppel, preventing the assignor from denying the validity of the patented invention when sued by the assignee for infringement.

The Fifth Circuit recognized the existence of the assignor estoppel doctrine in *Nationwide Chemical Corp. v. Wright*, 458 F.Supp. 828 (M.D. Florida) *aff'd* 584 F.2d 714 (5th Cir.1978). There, the District Court, whose opinion was adopted by the Fifth Circuit, held that an inventor who had made no assignment of patent rights in his invention was not estopped on equitable grounds from asserting the invalidity of the patented invention when sued for infringement by a company that he had previously worked for which was now manufacturing the patented invention. However, the Court acknowledged the United States Supreme Court's holding in *Westinghouse* and recognized that an inventor who assigns away interest in a patent is estopped from denying the validity of the patent when sued for infringement. The Court added that this estoppel would not apply if the assignor had made no affirmation as to the validity of the patent or the patentability of the subject matter at the time of the assignment.

Quite recently, two federal courts have directly addressed the doctrine of assignor estoppel under circumstances very similar to the case at bar. The first of these cases is *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220 (Fed.Cir.1988). In that case, a physician, Dr. Welter, had assigned to his employer, Diamond Laboratories, Inc. (the predecessor of Diamond Scientific Co.), his patent rights in a vaccine that he had invented. At the time the assignment was made, Dr. Welter signed an oath attesting to his belief in the patentability of the vaccine. Soon thereafter, Dr. Welter left his position at Diamond Scientific and formed his own company, Ambico, Inc. and Ambico began manufacturing a vaccine similar to the Diamond vaccine. Diamond Scientific had acquired a patent on the vaccine and sued Ambico and Dr. Welter for patent infringement. Ambico raised several affirmative defenses asserting the invalidity of the patent and Diamond Scientific

sought to have these averments stricken from Defendant's Answer. Based on assignor estoppel, the Federal Circuit held that the Defendants were precluded from contending that the patent was invalid. This preclusion applied to Ambico as well as Dr. Welter, parties that were essentially acting *in pari delicto*. Thus, the Federal Circuit affirmed the District Court's Order striking Defendant's defenses asserting patent invalidity. In doing so, the court focused on the parties' pleadings, stating, "The fact of the assignment and the oath were contained in the pleadings. These were enough, in our view, to support the application of the doctrine." *Id.* p. 1227. From this language it appears that the Court found that the existence of an assignment and an oath by the assignor were sufficient as a matter of law, as a form of legal estoppel, to support the application of assignor estoppel.

However, there appears to be some incongruity concerning the Court's approach in applying the doctrine of assignor estoppel. Although the Court flatly rejected an analysis of the doctrine on equitable estoppel grounds, it based its analysis on the balance of equities between the parties and focused on the amount of injustice that the assignee would suffer if the assignor were allowed to raise defenses of patent invalidity. Such language appears to support an equitable estoppel approach. However, this Court interprets the Federal Circuit's opinion to mean that the existence of an assignment and an oath or declaration by the assignor was sufficient as a matter of law, as a form of legal estoppel, to tilt the balance of equities in favor of the assignee, thereby precluding the assignor from asserting patent invalidity.

This same basic analysis was followed in the recent case of *American Fence Co. v. MRM Security Systems, Inc.*, 710 F.Supp. 37 (D.Conn.1989). There, the Court held that assignor estoppel is a form of legal estoppel and should not be analyzed in reference to equitable estoppel considerations. The Court further held that assignor estoppel is applicable as a matter of law when an inventor has signed an oath attesting to a

**977**

belief in the validity of the patent and there has been an assignment of patent rights for valuable consideration. However, the Court appeared to disregard the valuable consideration requirement when it stated that "assignor estoppel applies when there has been an assignment of a patent and an oath or declaration attesting to the patent's validity." Thus, the necessity of an exchange of valuable consideration to support application of the doctrine seems unsettled.

■ Turning to the facts of the case at bar, it is undisputed that Defendant Hutson assigned all right, title, and interest in the '738 patent to Proform, Hexcel's predecessor in interest. It is also undisputed that Hutson signed a declaration attesting to his belief in the patentability of the structural fabric constituting the '738 patent. In light of the *Diamond Scientific* and *American Fence* decisions, this Court finds these facts sufficient as a matter of law to warrant the application of assignor estoppel in this suit. The fact that the assigning document recited that the assignment was made for one dollar plus "other valuable consideration" supports the application of the doctrine in this case.

■ Defendants argue that Hexcel comes to the Court with "unclean hands" in seeking to use the equitable doctrine of assignor estoppel to strike Defendants' averments. They pose several theories which they allege prove that Hexcel knew the subject matter of the '738 patent was unpatentable due to existing state of the art and other factors. These allegations are insufficient to preclude the application of assignor estoppel in the case at bar. The elements necessary for the legal estoppel based application of the doctrine are present. Of course, this Court does not go so far as to hold that such allegations can never be considered in a patent infringement suit, this Court simply holds that a party precluded from asserting patent invalidity based on assignor estoppel may not use such allegations to escape the purview of the doctrine. Therefore,

IT IS ORDERED that the Plaintiff's Motion to Dismiss and for Failure to State a Claim be and is GRANTED.

IT IS FURTHER ORDERED that Defendants' claims and/or defenses alleging patent invalidity under 35 U.S.C. Sections 102, 103 and 112 should be stricken from Defendants' answer and counterclaims.

IT IS FURTHER ORDERED that Defendants' claims as to the unenforceability of the '738 patent should be stricken as these allegations are also barred by assignor estoppel.