CARROLL TOUCH, INC., Plaintiff, Counterclaim Defendant,

v.

ELECTRO MECHANICAL SYSTEMS, INC., Defendant, Counterclaim Plaintiff,

v.

AMP INCORPORATED, Counterclaim Defendant.

No. 87–2272.

United States District Court, C.D. Illinois.

Sept. 17, 1991.

Steve Helm, Dukes, Martin, Helm & Ryan, Ltd., Danville, Ill., James B. Blanchard, Richard A. Kaplan, William, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., for Carroll Touch, Inc. and AMP Inc.

Wayne E. Babler, Jr., Barry E. Sammons and Keith M. Baxter, Quarles & Brady, Milwaukee, Wis., Mark Lipton, Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, Champaign, Ill., for Electro Mechanical Systems, Inc.

## ORDER

BAKER, Chief Judge.

Vladeta Lazarevich is listed as a co-inventor of the photoelectric input apparatus described and claimed in the '443 patent. On April 1, 1978 he assigned his rights to that invention to the plaintiff, Carroll Touch. The validity of this assignment is undisputed. Also on April 1, 1978, Mr. Lazarevich signed a Declaration and Power of Attorney attesting to his belief in the patentability of the invention. Carroll Touch argues that under the doctrine of assignor estoppel, because Lazarevich assigned his rights in the invention and attested to the patentability of the invention, he and EMS should be estopped as a matter of law from contesting the validity of the patent that Carroll Touch ultimately obtained.

The defendant claims, on the other hand, that the equities do not favor application of assignor estoppel in this case. Although Mr. Lazarevich executed a valid assignment of his rights in the invention to Carroll Touch, his contribution to that invention was minimal. The patent lists Mr. Lazarevich as one of three co-inventors, and Mr. Carroll was clearly the primary inventor. As evidence of Mr. Lazarevich's minor role, EMS explains that during the prosecution of the patent, Mr. Carroll requested that the Patent Office place his name first on the list of inventors. According to the defendants, Carroll Touch only included Mr. Lazarevich on the patent application because its attorneys advised it to do so. Also, he did not receive any special consideration for assigning his rights to Carroll Touch, so he could not be said to have "profited" from the assignment. In addition, Mr. Lazarevich signed the patent application, the assignment and the Declaration and Power of Attorney on the instruction of his friend and boss, Mr. Carroll. As he was not a native English speaker, he did not fully understand what he was signing, and because of his minor role in the inventing process, he was not competent to attest to the patentability of the invention. Finally, defendants claim that Carroll Touch has not invested in marketing the patented invention, so that it has not relied to its determent on Mr. Lazarevich's declaration of patentability.

In 1988, the plaintiff moved in this case for Partial Summary Judgment of patent validity. In that motion the plaintiff claimed that the defendant should be estopped, as a matter of law, from challenging the validity of the patent under the doctrine of assignor estoppel. This court denied that motion by Minute Order on November 4, 1988. The plaintiff acknowledges that it is raising the exact issues in this Motion in Limine that it raised in that earlier Motion for Partial Summary Judgment, but it claims that intervening cases from the Federal Circuit and district courts have "removed any ambiguities regarding the application of assignor estoppel under the present facts." The plaintiff, however, has failed to persuade this court that the new cases it cites, along with the cases it cited in its original motion for summary

judgement, compel this court to conclude that assignor estoppel applies here.

■■■ Assignor estoppel is an exception to the general public policy "encouraging people to challenge potentially invalid patents" in order to minimize the burdens that patents place on competition. *Diamond Scientific Co. v. Ambico Co.*, 848 F.2d 1220, 1225 (Fed.Cir.1988). Assignor estoppel prevents a party from first assigning the rights to an invention for a profit and then claiming that the invention is worthless, thereby profiting again from the same invention, to the detriment of the assignee. *Id.* at 1224.

The plaintiff, in support of both its Motion in Limine and its earlier Motion for Summary Judgment, cites *Diamond Scientific* for the proposition that:

> [w]hen the inventor-assignor has signed the Oath, Power of Attorney and Petition, which attests to his belief in the validity of the patents, and has assigned the patent rights to another for valuable consideration, he should be estopped from defending patent infringement claims by proving that what he assigned was worthless.

*See id.* at 1226. However, the court in *Diamond Scientific* did not appear to mean to create a mechanical checklist for the application of assignor estoppel. Immediately preceding the above-quoted language, the court states that "[a]lthough the doctrine of assignor estoppel may no longer be a broad equitable device susceptible of automatic application, the case before us is appropriate for its use." *Id.* at 1225–26. In addition, the court in *Diamond Scientific* noted that although assignor estoppel is a form of legal rather than equitable estoppel analogous to estoppel by deed, the doctrine does not necessarily mirror estoppel by deed, and

> the primary consideration in applying the doctrine is the measure of unfairness and injustice that would be suffered by the assignee if the assignor were allowed to raise defenses of patent invalidity. Our analysis must be concerned mainly with the *balance of equities between the parties.*

*Id.* at 1225 (emphasis added). Therefore, the message coming from the Federal Circuit about whether assignor estoppel should be applied in all situations is conflicting, at best.

The plaintiff has cited two recent Federal Circuit cases in addition to *Diamond Scientific* to support its contention that assignor estoppel applies in this case as a matter of law: *Shamrock Technologies, Inc. v. Medical Sterilization*, 903 F.2d 789 (Fed.Cir.1990), and *Acoustical Design, Inc. v. Control Electronics, Co.*, 932 F.2d 939 (Fed.Cir.1991). According to the plaintiff, *Shamrock* stands for the proposition that in a case where the assignee was the assignor's employer, it is irrelevant to the application of assignor estoppel that the assignor received no consideration for the assignment other than normal compensation as an employee. The plaintiff misreads *Shamrock.* In *Shamrock*, as in this case, the assignor had been an employee of the assignee at the time he executed the assignment. He claimed that he executed the assignment to his employer under duress because he feared for his job, and also that his employer had misled him. He argued that his employer could not use an assignment obtained under those conditions to estop him from asserting the invalidity of the patent. The court rejected his claim of duress, adding that "[e]mployment, salary and bonuses are valid consideration for the assignment." *Shamrock*, 903 F.2d at 794.

■■ The defendant in this case, however, neither contests the validity of the assignment itself, nor claims that the lack of consideration completely bars the plaintiff's claim of assignor estoppel. The defendant argues, rather, that the fact that Mr. Lazarevich received no special consideration for the assignment weighs against applying assignor estoppel in this case. *Shamrock* does not defeat that argument. In addition, the remainder of plaintiff's discussion of *Shamrock* is completely irrelevant, as the defendant does not contest that Mr. Lazarevich was in privity with EMS. Also, the other Federal Circuit case that the plaintiff cites—*Acoustical De-*

**104**

*sign* —simply does not add anything to *Diamond Scientific* that is relevant to the facts of this case.

Recent district court decisions, however, have interpreted *Diamond Scientific* differently from this court. Both *Hexcel Corp. v. Advanced Textiles, Inc.* 716 F.Supp. 974 (W.D.Tex.1989) and *American Fence Co., Inc. v. MRM Security Systems, Inc.*, 710 F.Supp. 37, 39 (D.Conn.1989), held that as a matter of law, the doctrine of assignor estoppel precludes the assignor of rights in an invention who has attested to the patentability of that invention from contesting the validity of the resulting patent. However, in *American Fence,* the court did not reject the possibility that "in some situations competing equities will move the balance to a position rejecting assignor estoppel." *American Fence,* 710 F.Supp. at 41 n. 2. In addition, neither *American Fence* nor *Hexcel* addressed facts as extreme as those alleged by the defendant here. Also, in *Roberts v. Sears Roebuck & Co.,* 1988 WL 107365, 1988 U.S.Dist. (Lexis 1417), the Northern District of Illinois seemed to support a balancing approach by suggesting in dicta that the policy behind assignor estoppel is not furthered when the assignor has not received consideration for the transfer. Similarly, applying assignor estoppel to the facts that the defendants in the present case allege would not further the policies behind the doctrine either. Finally, the Federal Circuit itself stated in dicta in a later case that *Diamond Scientific,* had "concluded that the right of an assignor to challenge the validity of the assigned patent must be decided by balancing the equities in the particular case...." *Sun Studs, Inc. v. ATA Equipment Leasing, Inc.,* 872 F.2d 978, 991 (Fed.Cir.1989).

The court concludes that plaintiff is probably wrong that any time an inventor has assigned his rights to the invention and attested to his belief in the patentability of that invention, assignor estoppel automatically applies to prevent him from challenging a patent which covers that invention. Rather the application of assignor estoppel should involve a fact-specific inquiry and the balancing of equities. The defendants

have listed many facts that, if proven, weigh in their favor in the balance, and probably defeat the application of assignor estoppel. For example, the fact that Mr. Lazarevich only had a minor role in the invention and received no consideration for the assignment suggests it would be unfair to hold him to the declaration of patentability and that he would not be gaining a windfall by using the invention himself. It also suggests that Carroll Touch would not be unfairly disadvantaged if EMS were allowed to contest the validity of the patent.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine (# 71) is denied.