## VITRONICS CORPORATION

### v.

## CONCEPTRONIC, INC.

### Civil No. 91–696–JD

United States District Court,
D. New Hampshire.

Sept. 22, 1997.

Lawrence M. Green, Wolf, Greenfield & Sacks, P.C., Boston, MA, Michael Lenehan, Ransmeir & Spellman, Concord, NH, Martin B. Pavane, Cohen, Pontani, Lieberman & Pavane, New York City, for plaintiff.

Lee A. Strimbeck, Strimbeck Professional Association, Littleton, NH, David S. Phillips, Gottesman & Hollis, P.A., Nashua, NH, George R. Moore, Devine, Millimet & Branch, PA, Manchester, NH, Kenneth A. Sweder, Fialkow, Richmond & Rothstein, Boston, MA, Paul J. Hayes, Weingarten, Schurgin, Gagnebin & Hayes, Boston, MA, for defendant.

## ORDER

DiCLERICO, Chief Judge.

The plaintiff, Vitronics Corporation, brings this action against the defendant, Conceptronic, Inc., for infringement of its U.S. Patent No. 4,654,502 ("the '502 patent"). Before the court is the defendant's motion to stay this action pending the resolution of a reexamination of the '502 patent (document no. 230).

### Background [1]

This patent infringement action stems from allegations that the defendant infringed

---

1. The facts relevant to the instant motion are not in dispute. The court assumes a familiarity with

the '502 patent, which the defendant had assigned to the plaintiff. The case was tried in the district court and on August 18, 1995, the jury returned a verdict for the defendant. The plaintiff appealed, and on July 25, 1996, the Court of Appeals for the Federal Circuit ("CAFC") reversed the district court and remanded the case for trial. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed.Cir.1996). On July 29, 1996, the defendant filed, and the Patent and Trademark office ("PTO") granted, a request for reexamination of the '502 patent. During the reexamination, the PTO rejected claims 1 through 5, and 16, of the '502 patent. *See* Defendant's Mem. in Supp. of its Mot. To Stay Pending Resolution of a Reexamination Proceeding by the U.S. Patent and Trademark Office ("Motion to Stay"), Ex. B, at 2–4. The plaintiff has declared its intention to file a response with the PTO challenging the rejection, and to further appeal the rejection, if necessary, to the CAFC. *See* Mem. in Supp. of Pl.'s Objections to Def.'s Mot. to Stay Pending Resolution of a Reexamination Proceeding by the U.S. Patent and Trademark Office ("Pl.'s Obj."), at 3. The defendant argues that this case should be stayed until the reexamination process is complete.

## Discussion

■ The grant of a stay pending the conclusion of a reexamination proceeding in the PTO is entirely within the court's discretion. *See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed.Cir.1988); *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed.Cir. 1983). In deference to a district court's broad discretionary power to control its docket, "stays will not be vacated unless they are 'immoderate or of an indefinite duration.'" *Id.* (quoting *McKnight v. Blanchard,*

---

the factual and procedural background of the case described more fully in *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed.Cir.1996), and this court's July 21, 1992, order. Therefore, the court will recite only those facts relevant to the resolution of the instant motion.

**2.** Section 302 provides, in pertinent part:

Any person at any time may file a request for reexamination by the [PTO] of a patent on the basis of any prior art cited under the provisions of section 301 of this title.

667 F.2d 477, 479 (5th Cir.1982)). However, "reexamination proceedings ... including any appeal ... will be conducted with special dispatch...." 35 U.S.C.A. § 305 (West Supp.1997).

■ 35 U.S.C. § 302 authorizes any person to request a reexamination by the PTO of any claim of a patent.[2] *See* 35 U.S.C.A. § 302 (West 1984). The requesting party need not have standing or a special interest in the patent's validity, and may even make the request for reexamination anonymously. *See* 4 Donald S. Chisum, Chisum on Patents § 11.07[4][b][I], at 11–394 to 11–395 (Release 61, Mar. 1997) (citing Patent and Trademark Office Manual of Patent Examining Procedure § 2212 (6th Ed.1995) ("There are no persons who are excluded from being able to seek reexamination.")).

■ Assignor estoppel is "an equitable doctrine that prevents one who has assigned the rights to a patent (or a patent application) from later contending that what was assigned is a nullity." *Diamond Scientific Co. v. Ambico Inc.,* 848 F.2d 1220, 1224 (Fed. Cir.1988). Assignor estoppel is premised on the principle of fair dealing, which maintains that "the assignor should not be able to sell something and later to assert that what was sold is worthless, all to the detriment of the assignee." *Id.* In cases implicating assignor estoppel the court is primarily concerned with balancing fairness and equity between the parties. *See id.* at 1225.

In this case, the plaintiff, the assignee of the '502 patent, argues that the defendant-assignor is barred under the assignor estoppel doctrine from raising the PTO's reexamination result against it and therefore the stay should not be granted.[3] The defendant re-

---

35 U.S.C.A. § 302 (West 1984). In turn, § 301 states:

Any person at any time may cite to the [PTO] in writing prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent.

*Id.* § 301.

**3.** The plaintiff makes two additional arguments. First, the plaintiff opposes reexamination on the related ground that this court's previous ruling preventing the defendant from challenging the

sponds that this equitable doctrine does not extend to the statutory provisions of § 302 which allow anyone to request reexamination of a patent. Because the PTO may clarify or entirely invalidate the '502 patent on reexamination, a stay is appropriate so that the scope of the patent will be defined prior to litigating the infringement claim.

The defendant relies primarily on *Total Containment, Inc. v. Environ Products, Inc.*, 34 U.S.P.Q.2d 1254 (E.D.Pa.1995). In *Total Containment*, the district court was faced with the issue of whether the doctrine of assignor estoppel bars a party from seeking reexamination of a patent. *See id.* at 1254. The court reasoned that because the doctrine of assignor estoppel is an equitable doctrine and the reexamination provisions are statutory mandates, the conflict between the two should be resolved in favor of the statute and the motion to stay pending the reexamination outcome should be granted. *See id.* at 1255, 1256. Although one other court that has considered a similar question reached a contrary result, *see American Fence Co. v. MRM Sec. Sys., Inc.*, 710 F.Supp. 37, 42 (D.Conn.1989) (denying motion to stay on the ground that, even if patent were to be invalidated on reexamination, defendants would be barred by assignor estoppel from asserting this finding as a defense to infringement action), the court finds the reasoning of *Total Containment* to be persuasive.

■ The statutory language of § 302 places no restrictions on who may seek reexamination. *See* 35 U.S.C.A. § 302. This legal mandate supersedes contrary equitable principles. *See Total Containment*, 34 U.S.P.Q.2d at 1255-56 ("Courts are bound to follow express statutory commands under the fundamental principle that equity follows the law."). The plaintiff's argument that assignor estoppel should bar the defendant from asserting an unfavorable reexamination result against it is premature because the reexamination process and the appeals that follow are currently ongoing. The reexamination process could more precisely define the scope of claim 1, or it could leave claim 1 unchanged. Because determining the scope of the disputed claim is central to the resolution of this case, it would be inefficient for the court to expend time and resources engaging in claim interpretation while the scope of the claim is still under review at the PTO. *See Gould*, 705 F.2d at 1342; *Hewlett–Packard Co. v. Acuson Corp.*, No. C–93–0808 MHP, 1993 WL 149994, at *4 (N.D.Cal. May 5, 1993).

The plaintiff also argues that the case should not be stayed pending the outcome of the reexamination proceeding because the defendant has also infringed claim 13 of the '502 patent, which the PTO has confirmed as valid after the initial stage of the reexamination proceeding. This argument is inapposite. Claim 13 has not been part of this litigation. Discovery has been limited only to claim 1 of the '502 patent and the plaintiff has not moved to amend its complaint. The court will not allow the litigation to proceed in a new direction at this juncture, particularly when the fate of claim 1 is uncertain.

For these reasons, the court determines that a stay in this case is appropriate because the probability exists that unnecessary litigation may be avoided and the issues remaining in the case simplified. The additional delay that the stay is likely to impose does not outweigh the benefit of having the patent interpretation issues fully resolved so that the case may be finally disposed of in a more efficient manner.

### Conclusion

Based on the forgoing, the defendant's motion to stay (document no. 230) is granted pending completion of the reexamination proceedings and any appeals in connection

---

validity of '502 patent barred the defendant from seeking reexamination. *See* Pl.'s Obj., at 6. The court's order was not directed at reexamination, however, and only established that assignor estoppel barred the defendant from directly contesting the validity of the patent in this litigation. Second, the plaintiff objects to the defendant's motion on the ground that it was filed five and a half years after the commencement of the action. Although the duration of the proceedings is a factor the court may consider, it does not preclude the grant of a stay in appropriate circumstances. *See Gould*, 705 F.2d at 1341; *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 218 (D.Del.1991).

therewith. The case will be administratively closed, subject to being reopened upon motion of either party.

SO ORDERED.