BIOMEDICAL POLYMERS,
INC., Plaintiff,

v.

EVERGREEN INDUSTRIES,
INC., Defendant.

Civil Action No. 96–40175–NMG.

United States District Court,
D. Massachusetts.

Sept. 26, 1997.

Kirk C. Teska, Iandiorio & Dingman, Waltham, MA, for Plaintiff.

Ralph A. Loren, Lahive & Cockfield, Boston, MA, for Defendant.

Robert Berliner, Pete A. Smits, Robbins, Berliner & Carson, LLP, Los Angeles, CA.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On August 15, 1996, Plaintiff, Biomedical Polymers, Inc. ("Biomed") filed an action for declaratory judgment of non-infringement against Defendant, Evergreen Industries, Inc. ("Evergreen"). Evergreen counterclaimed against Biomed for patent infringement and, on February 24, 1997, Biomed filed a Motion for Summary Judgment and two related motions to preclude affidavits, all of which are pending.[1]

### I.  Background

This dispute between Biomed and Evergreen began when Evergreen noticed a prod-uct announcement in the July, 1996 issue of Clinical Lab Products Journal describing Biomed's Sputum Collection System. On July 30, 1996, Evergreen sent a letter to Biomed alleging that devices manufactured and sold by Biomed infringed the claims of two Evergreen patents, U.S. Patent No. 4,741,346 ("the '346 patent") and No. DES. 302,470. Evergreen threatened suit against Biomed which, in response, filed its own claim for declaratory judgment and the litigation was off and running. Evergreen's opposition to Biomed's Motion for Summary Judgment is accompanied by supporting affidavits of Norman Glover and Harry F. Manbeck, Jr. which Biomed has, in essence, moved to strike.[2]

### II.  Sputum Collectors

The issue in this case is whether Biomed's sputum collector infringes Evergreen's patent. A sputum collector is a medical device used by hospital personnel to collect and test a patient's sputum (biological fluid) sample. Such devices are used to diagnose diseases such as tuberculosis and AIDS. Sputum collectors typically include a base stand, a graduated test tube (vial) held upright by the base, a funnel and a cap for the vial.

The patient deposits a sputum sample through the funnel and into the vial. Because the base stand holds the vial, medical personnel need not touch the vial thereby reducing the risk of contaminating the sample or spreading infection to the medical personnel who handle the device. Once the sample is in the vial, medical personnel remove the funnel and install the vial cap on the vial. The technologies at issue here permit medical personnel to install the vial cap without touching the cap.

Evergreen's sputum collector has a base stand cover which attaches to the bottom of the base stand. When not covering the vial, the vial cap is attached at the center of the

---

1. Biomed does not explain whether it moves for summary judgment on its declaratory judgment action or on Evergreen's counterclaim. Although, for practical purposes, it makes no differences, this Court treats the motion as one for summary declaratory judgment.

2. Biomed contends that the affidavits should not be considered for purposes of the pending summary judgment motion and that the testimony of the affiants should be excluded at trial. This Court treats those pleadings as motions to strike, but does not reach the question of whether the testimony, if ever offered, will be admissible at trial.

base stand cover. To screw on the vial cap, medical personnel hold the base stand cover rather than the vial cap. When the vial cap is tightly connected to the vial, the cap releases from the base stand cover.

Biomed's sputum collector has a funnel cover which hinges to the funnel. When not covering the vial, the vial cap is attached at the center of the funnel cover. To screw on Biomed's vial cap, medical personnel hold the funnel cover rather than the vial cap. When the vial cap is tightly connected to the vial, the cap releases from the funnel cover.

## III. *Analysis*

### A. *Motions in Limine to Strike Testimony*

Evergreen filed two affidavits in opposition to Biomed's Motion for Summary Judgment. Dr. Glover, Director of the Microbiology Laboratory at Olive View Medical Center and Associate Professor in the Pathology Department at UCLA, opined that, based upon his experience and familiarity with both products, Evergreen's '346 device and Biomed's device are substantially indistinguishable. Mr. Manbeck, an experienced patent attorney, presented a legal analysis in support of Evergreen's infringement claim.

Biomed argues that Dr. Glover's testimony should be stricken because it is improper extrinsic evidence, citing *Vitronics v. Conceptronic*, 90 F.3d 1576, 1585 (Fed.Cir.1996). That case, however, does not require this Court to strike Dr. Glover's testimony. Rather, the Federal Circuit held there that 1) expert testimony is entitled to no weight if it is contrary to the clear meaning of the intrinsic evidence and 2) the district court had erred by relying upon extrinsic evidence which contradicted intrinsic evidence. *Id.*

■ Dr. Glover's affidavit expresses his opinion regarding the insignificance of the differences between the two devices, but does not contradict the intrinsic Evidence. The testimony is relevant to whether a genuine issue of material fact exists with respect to the alleged infringement. For that reason Biomed's motion to strike Dr. Glover's affidavit will be denied.

■■ Biomed argues that Mr. Manbeck's testimony should be stricken because it invades the province of the Court by couching legal arguments as expert testimony. Whether to exclude such testimony is, however, a matter for the Court's discretion. *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962); *Acoustical Design, Inc. v. Control Elec. Co.*, 932 F.2d 939, 942 (Fed.Cir.1991). With respect to opinions of legal experts, the Federal Circuit has stated that

> [T]he court has complete discretion to adopt the expert legal opinion as its own, to find guidance from it, or to ignore it entirely, or even to exclude it.

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 34 U.S.P.Q.2d 1321, 1333 (Fed.Cir. 1995). This Court concludes that Mr. Manbeck's affidavit on the law is unnecessary and inappropriate and will, therefore, be stricken.

### B. *Literal Infringement*

■ Entry of summary judgment of non-infringement in favor of a party accused of patent infringement is proper when there is no genuine issue of material fact and, given proper construction of the patent, a finding of infringement is impossible. *Porter v. Farmers Supply Service, Inc.*, 790 F.2d 882, 884 (Fed.Cir.1986).

■ Literal infringement may be found only when and if the accused device embodies every element of the patent claim. *Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279, 1282 (Fed.Cir. 1986). The analysis of a patent infringement claim involves two steps: determining the scope of the claims and determining whether the accused device infringes those claims. *Id.* Interpretation of the claims is a legal question to be decided by the Court and determination of infringement is a factual question to be decided by the jury. *Texas Instruments v. U.S. Intern. Trade Comm'n*, 805 F.2d 1558, 1562 (Fed.Cir.1986). To interpret a claim, courts may refer to the specification, the prosecution history and the other claims in the patent. *Mannesmann*, 793 F.2d at 1282.

Evergreen alleges that Biomed's sputum collector infringes claim 1 of Ever-

green's '346 patent. The disputed portion of claim 1 reads:

A specimen collecting device comprising: ... graspable means *releasably coupled to said supporting means*, releasably holding said cap means *in* said supporting means when said supporting means is secured thereto, said graspable means being adapted to be grasped while holding said cap means as said closing means is coupled to and/or released from said container, whereby said graspable means aids in the coupling and/or releasing of said cap means.

'346 patent, col. 6, lines 36, 47–55 (emphasis added to disputed language).

■■■ Biomed argues that its device does not literally infringe claim 1 for two reasons which are dealt with *seriatim.*

1. Biomed contends that its device does not have "graspable means releasably coupled to said supporting means," i.e., a base stand cover. Evergreen responds that this limitation is met by the funnel lid which is "releasably coupled to the base unit via the collection tube." The Court concludes that the word "coupled" does not support Evergreen's interpretation. *See ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1579 (Fed.Cir.1988) (patents must be interpreted in accordance with the plain meaning of the claims). "Coupled" signifies direct contact between two objects. The specification uses the word "coupled" a multiple of times when referring to the direct contact of two objects. '346 patent, col. 3, lines 52–56; col. 4, lines 3–5, 7–10, 23–24. The other claims use the word "coupled" in the same way. *See, e.g.*, '346 patent, col. 6, lines 66–69; col. 7, lines 22–29, 40–44. The part of Biomed's device which holds the vial cap is not, therefore, "coupled" to the base.

2. Biomed argues that its device does not store "said cap means in said supporting means ..." Evergreen responds that the vial cap is held in the base unit because it is on the funnel which is on a vial located in the base unit. The word "in," however, is not synonymous with the word "on." The two words denote different special relationships. The vial cap of Biomed's device is not at any time encompassed by the base unit.

Biomed's device does not, therefore, embody every element of Evergreen's patent claim. Given proper construction of the patent, the Court concludes that a finding of literal infringement is impossible.

### C. *The Doctrine of Equivalents*

■■■ A device that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is equivalence between the elements of the accused device and the claims of the subject patent. *Warner–Jenkinson Company v. Hilton Davis Chemical Company*, —— U.S. ——, ——, 117 S.Ct. 1040, 1045, 137 L.Ed.2d 146 (1997). An accused device infringes upon a patent claim under the doctrine of equivalents if the element substituted in the accused device is not a substantial change from the element set forth in the claim. *Perkin–Elmer Corp. v. Westinghouse Elec. Corp.*, 822 F.2d 1528, 1533 (Fed.Cir. 1987). The substantiality of the differences is a question of fact to be determined by the jury. *Texas Instruments*, 805 F.2d at 1562.

■■■ The doctrine of equivalents is limited by the doctrine of prosecution history estoppel. *See Mannesmann*, 793 F.2d at 1284. That doctrine bars a patentee from construing its claims in a way that would resurrect subject matter previously excluded by claim limitations added in order to avoid prior art. *Id.*

Biomed argues that Evergreen's claim required two limitations to avoid the prior art: 1) the vial cap must be stored in the base stand and 2) the vial cap must be held in the base stand by the base stand cover. Biomed contends that the United States Patent and Trademark Office ("USPTO") placed those limitations on Evergreen's claim by twice rejecting the following claim:

A specimen collecting apparatus comprising:

a substantially elongated tubular container having a first closed end and a second open end; collection means which is removably secured to said container second open end for directing said specimen into said container;

cap means formed to releasably close said container after removal of said collection means;

means supporting said collection means in a substantially upright position; and said means which extends up from said supporting means about and partially surrounding said container formed to releasably grip said container.

Evergreen's patent application, claim 14. The USPTO rejected the claim as being anticipated by the prior art, but Evergreen points out that the USPTO rejected the patentability of the finger extensions of the base which is unrelated to claim 1 of the '346 patent.

■■■■ The patent specification makes clear that the significance of the '346 patent is not the placement of the vial cap and vial cap holder, but rather the fact that the vial cap may be screwed onto the vial without medical personnel having to touch the vial cap. There is no prosecution history which limits the language of claim 1 of the patent in the way that Biomed contends. A genuine issue of material fact, therefore, exists regarding whether the differences between the two devices are substantial.

### ORDER

For the foregoing reasons,

1) plaintiff's motion to strike the testimony of Norman Glover is **DENIED**;

2) plaintiff's motion to strike the testimony of Harry F. Manbeck, Jr. is **ALLOWED**;

3) pursuant to Fed.R.Civ.P. 56(d), plaintiff's motion for summary judgment is **ALLOWED** with respect to literal infringement;

4) pursuant to Fed.R.Civ.P. 56(d), plaintiff's motion for summary judgment is **DENIED** with respect to infringement under the doctrine of equivalents.

So ordered.