**UNITED STATES of America,**
Appellee,

v.

**LEE WAN NAM, a/k/a Hong Lee,**
Appellant.

**No. 162, Docket 25836.**

United States Court of Appeals Second Circuit.

Argued Nov. 30, 1959.

Decided Feb. 17, 1960.

---

Gilbert S. Rosenthal, New York City (Aaron J. Jaffe, New York City, of counsel), for appellant.

S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City (Robert Price, George I. Gordon, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

Appellant, together with co-defendants May Moy and Sheck Hom, was tried before Judge Weinfeld and a jury on a three count indictment alleging violation of 21 U.S.C.A. §§ 173, 174, and a conspiracy to violate these sections. The first count charged appellant and Sheck Hom with trafficking in eleven grains of heroin; the second count charged May Moy with trafficking in one-half kilo of heroin; and the third count charged a conspiracy among the three defendants to traffic in the drugs. Defendant May Moy was acquitted upon motion at the close of the Government's case. Defendant Sheck Hom was acquitted by the jury. Appellant though acquitted by the jury on the conspiracy count was convicted of the substantive crime.

Appellant first claims error because of the denial of his application, made near the end of trial, that a Government witness, Tom Tung, be subjected to a mental examination to determine capacity to testify. Judge Weinfeld denied the application, stating that the application had not been timely made and that no basis for it had been afforded by Tung's testimony. The issue of a witness's competency to testify and the related issue of whether to order a mental

examination to assist in determining competency are both matters peculiarly within the discretion of the trial court. We find no abuse of discretion here. See United States v. Tannuzzo, 2 Cir., 1949, 174 F.2d 177, 181, certiorari denied 338 U.S. 815, 70 S.Ct. 38, 94 L.Ed. 493, rehearing denied 338 U.S. 896, 70 S.Ct. 233, 94 L.Ed. 551; Carrado v. United States, 1953, 93 U.S.App.D.C. 183, 210 F.2d 712, 721, certiorari denied 350 U.S. 938, 76 S.Ct. 310, 100 L.Ed. 819; Henderson v. United States, 6 Cir., 1955, 218 F.2d 14, 17–18, 50 A.L.R.2d 754, certiorari denied 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253, rehearing denied 349 U.S. 969, 75 S.Ct. 879, 99 L.Ed. 1290.

■ Second, appellant objects to the admission of a package containing one-half kilo of heroin seized in the apartment of May Moy. Insofar as the objection relates only to the fact that the heroin was introduced during the Government's rebuttal, we find the objection unpersuasive. For reasons to be indicated subsequently in this opinion, the heroin was inadmissible as long as May Moy remained a co-defendant. As a matter of timing if the Government had requested leave to reopen its case, the heroin could have been introduced immediately after the court granted May Moy's motion for acquittal and before the remaining defendants began presentation of their defenses. Judge Weinfeld, accepting the statement of Government counsel that the evidence would have been then introduced but for inadvertence, ruled that no prejudice would result from introduction during rebuttal. These trial situations must be dealt with in each case as they occur in the posture of that particular case, and we find no abuse of discretion here. See Goldsby v. United States, 1895, 160 U.S. 70, 74, 16 S.Ct. 216, 40 L.Ed. 343; United States v. Lieblich, 2 Cir., 1957, 246 F.2d 890, 895, certiorari denied 355 U.S. 896, 78 S.Ct. 271, 2 L.Ed.2d 194; Duke v. United States, 9 Cir., 1958, 255 F.2d 721, 729, certiorari denied 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365; United States v. Montgomery, 3 Cir., 1942, 126 F.2d 151, 153, certiorari denied 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754.

■ Appellant presents a more difficult question by maintaining that inasmuch as the heroin was illegally seized it was not only inadmissible against May Moy but also against the two remaining defendants. At a previous and abortive trial of this same case, Judge Palmieri held that, under the doctrine of Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332, the heroin had been obtained from May Moy's apartment by an illegal search and seizure. Judge Weinfeld reached the same conclusion and ordered the heroin suppressed while May Moy was a co-defendant standing trial. It is appellant's contention that evidence once suppressed and held inadmissible during a trial cannot be subsequently introduced in the same trial even though the victim of the illegal search and seizure has been dismissed as a defendant.

In Goldstein v. United States, 1942, 316 U.S. 114, 121, 62 S.Ct. 1000, 1004, 86 L.Ed. 1312, the Supreme Court surveyed the cases and stated, "While this court has never been called upon to decide the point, the federal courts in numerous cases, and with unanimity, have denied standing to one not the victim of an unconstitutional search and seizure to object to the introduction in evidence of that which was seized." The victim of an illegal search and seizure has been consistently defined as one who either has a right to possession of the premises searched or has a possessory interest in the property seized. United States v. Pepe, 2 Cir., 1957, 247 F.2d 838, 841. See also Elkins v. United States, 9 Cir., 1959, 266 F.2d 588, 595; Gaskins v. United States, 1955, 95 U.S.App.D.C. 34, 218 F.2d 47; Gibson v. United States, 1945, 80 U.S.App.D.C. 81, 149 F.2d 381, 384, certiorari denied sub nom. O'Kelley v. United States, 326 U.S. 724, 66 S.Ct. 29, 90 L.Ed. 429. In the present case the one-half kilo of heroin was not introduced until after May Moy had been acquitted. Neither of the remaining defendants, Sheck Hom or appellant, as-

serted a possessory interest in the heroin or a possessory right in the premises searched. Therefore, we hold that appellant lacked standing to object to admission of the heroin.

Appellant contends that McDonald v. United States, 1948, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153, requires departure in the present case from the rule in the lower federal courts that to demand suppression of evidence illegally seized a defendant must possess the requisite "standing." In McDonald, defendants McDonald and Washington were convicted of having operated a "numbers game." Defendants had been arrested in McDonald's apartment and certain papers and adding machines were seized at that time and were admitted later as evidence at the trial although McDonald had moved for their suppression and return. The Supreme Court reversed both convictions holding that the evidence seized should have been suppressed. With reference to defendant Washington's conviction, the Court stated (335 U.S. at page 456, 69 S.Ct. at page 193):

> "It follows from what we have said that McDonald's motion for suppression of the evidence and the return of the property to him should have been granted * * * It was, however, denied and the unlawfully seized evidence was used not only against McDonald but against Washington as well, the two being tried jointly. Apart from this evidence there seems to have been little or none against Washington. Even though we assume, without deciding, that Washington, who was a guest of McDonald, had no right of privacy that was broken when the officers searched McDonald's room without a warrant, we think that the denial of McDonald's motion was error that was prejudicial to Washington as well. * * * If the property had been returned to McDonald, it would not have been available for use at the trial. We can only speculate as to whether other evidence which might have been used against

Washington would have been equally probative." (Italics supplied.)

The Court's decision as to Washington's conviction hinged upon the fact that the trial court committed error in failing to return the evidence to McDonald. Here the property illegally seized was heroin; and, as contraband, it could not be returned despite the illegal seizure. United States v. Jeffers, 1951, 342 U.S. 48, 54, 72 S.Ct. 93, 96 L.Ed. 59; Trupiano v. United States, 1948, 334 U.S. 699, 710, 68 S.Ct. 1229, 92 L.Ed. 1663. McDonald is entirely consistent with the result we reach here.

Conviction affirmed.