**UNITED STATES of America, Plaintiff,**

v.

**Michael BLOOME, et al., Defendants.**

**No. CR–90–504(S).**

United States District Court,
E.D. New York.

Sept. 25, 1991.

546

Jack Wenik, Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

Martin Adelman, New York City, for defendant Salvatore Fusco.

Christopher Nalley, Staten Island, N.Y., for defendant Michael Bloome.

Martin Geduldig, Hicksville, N.Y., for defendant Philip DeAngelo.

Joel Cohen, New York City, for defendant Peter Spoto.

Paul LeMole, Staten Island, N.Y., for defendant Vincent Zappola.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The defendant Salvatore Fusco seeks an order directing a mental examination of a major government witness, Dominick Costa. His motion is predicated upon what he alleges to be a pre-existing history of psychological disturbance and the traumatic effect of bullet wounds to his head in which fragments of bullets still remain. The motion was denied at the commencement of the trial without prejudice to renew when Costa was called. *See, e.g., United States v. Khoury,* 901 F.2d 948, 966 (11th Cir. 1990).

Although not clearly articulated as such, the motion will nevertheless be regarded as raising two issues, namely, (1) Costa's competence to testify, and (2) his credibility. As regards the distinction between the two, *United States v. Ramirez,* 871 F.2d 582, 584 (6th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 127, 107 L.Ed.2d 88 (1989) is instructive. The court there noted that the credibility of a witness is for the jury to determine but the competency of the witness is for the judge to decide. As to competency, that determination is to be made in the context of Rule 601, Fed.R.Ev., which provides that:

> Every person is competent to be a witness except as otherwise provided in these rules.

In *United States v. Khoury, supra,* it was said that "the Federal Rules of Evidence provide an initial presumption of competence." 901 F.2d at 966.

The Federal Rules of Evidence make reference only to judges (Rule 605) and jurors (Rule 606) as being incompetent to testify. As a general rule, the competence of a witness depends upon a capacity to observe, to remember, to communicate and to understand the nature of an oath

and the duty it imposes to tell the truth. Measured by those fundamental criteria, Costa's status as a competent witness is beyond question. The excerpts of hospital records the defendant regards as warranting a mental examination and which were annexed to his motion papers fall far short of his assessment of them. They contain no indication of a prolonged history of mental illness nor do they suggest any other significant basis which would cast doubt upon his capacity to testify. On the contrary, attachments to his motion of the reports of a neurological resident and a psychologist each concludes with precisely the same words: "His visuo-constructional skills are quite intact. There was also no evidence of any deficits in long-term memory for both verbal and visual information. Immediate recall of visual information was intact as well." In addition the court observed and listened to this witness over a period of days during which he was vigorously cross-examined. He was responsive to questions in a coherent and forthright manner and made it manifestly plain that he understood the importance of his oath to testify truthfully, a matter concerning which he was aggressively pressed by defense counsel.

■ As to credibility, the courts are virtually unanimous in holding that district courts have wide discretion in deciding whether witnesses should undergo mental examinations. *See, e.g., United States v. Fountain,* 840 F.2d 509, 517 (7th Cir.), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 564 (1988). The courts are also virtually unanimous in holding that that discretion should be exercised sparingly. *See, e.g., United States v. Ramirez, supra; United States v. Raineri,* 670 F.2d 702, 709 (7th Cir.), *cert. denied,* 459 U.S. 1035, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982). In *United States v. Russo,* 442 F.2d 498 (2d Cir.1971), *cert. denied,* 404 U.S. 1023, 92 S.Ct. 669, 30 L.Ed.2d 673, *reh. denied,* 405 U.S. 949, 92 S.Ct. 930, 30 L.Ed.2d 819 (1972) the defendants asserted that the government's star witness was a "pathological liar" and "a liar, thief, cheat and perjurer." They strenuously argued that the trial court erred in refusing to order a psychiatric examination. In rejecting their argument, the court wrote:

> Itkin may well have possessed all of these characteristics and the Government may have been, and probably was, following the precept "Set a thief to catch a thief" but in cases involving crime, the Government's witnesses are rarely pillars of the Church. *As long as the jury from its observation has the opportunity to appraise the credibility of the witness in the light of facts impugning his veracity, this constitutes the constitutional safeguard of a defendant's rights.*

442 F.2d at 502 (emphasis added).

The courts are virtually unanimous too in holding that psychiatric testimony regarding the credibility of a witness will not be admissible. That view has been expressed in many ways. In *United States v. Fountain, supra,* the court refused to require a witness to submit to a psychiatric examination before testifying and made this observation:

> The district court was entitled to be leery of both psychiatric examinations of witnesses and psychiatric testimony about witnesses, because the jury can observe for itself ... the witness' behavior. Criminal trials are complex enough without turning them into collateral investigations of the witnesses—investigations that would not only drag out trials and confuse jurors but also discourage people from serving as witnesses.

840 F.2d at 517.

In *United States v. Eschweiler,* 745 F.2d 435, 438 (7th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1188, 84 L.Ed.2d 334 (1984) the court reaffirmed its reluctance to encumber criminal proceedings with psychiatric examinations of witnesses, a determination that the court previously made in *United States v. Gutman,* 725 F.2d 417, 420 (7th Cir.), *cert. denied,* 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 183 (1984).

In *United States v. Ramirez, supra,* the court held that it cannot order a non-party witness to be examined by a psychiatrist. At best, it could merely condition such wit-

ness' testimony on a prior examination. Citing and quoting from *United States v. Gutman, supra,* the court continued:

> The courts that have addressed the question agree, however, that the power not to allow a witness to testify unless he submits to a psychiatric examination should be exercised sparingly. (Citations omitted).

> If the doors are opened to a battle of experts testifying as to a witnesses' credibility, there would be no end to the collateral consequences. There would be just as much reason to want such testimony as to an accomplice witness, an informer, or a witness who had cut a deal with the government as there would be to a drug user. In this era of increasing use of experts in both civil and criminal trials, the sad truth is that an "expert" can be found to testify on behalf of almost any viewpoint or position. Wisely, we have historically left credibility determinations to the trier of fact, and we see no reason to depart from that procedure under the facts of this case.

871 F.2d at 585.

Returning to *United States v. Gutman, supra,* the defendant there, prior to trial, moved for an order that a government witness be given a psychiatric examination before being permitted to testify. The district court's denial of that motion together with the defendant's motion for a pretrial hearing on the witness' competency to testify was affirmed. As is true here, the court concluded that the psychiatric reports put before the trial judge did not create a doubt serious enough to warrant a hearing and permitted the conclusion

> that the reports taken as a whole did not suggest that Odom was incapable of telling the truth or of appreciating the significance of his oath as a witness. We are reluctant to open the door to sanity hearings for witnesses.... It is unpleasant enough to have to testify in a public trial subject to cross-examination without also being asked to submit to a psychiatric examination the results of which will be spread on the record in

open court to disqualify you, or at least to spice up your cross-examination.

725 F.2d at 420.

In *United States v. Barnard,* 490 F.2d 907 (9th Cir.1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974), the defendants sought to introduce the testimony of a psychiatrist and a psychologist as to their opinions of a government witness' competency and reliability as a witness. The psychiatrist and the psychologist had read the Army psychiatric evaluation and the grand jury testimony of the witness and observed him during part of his testimony in court. On the basis of the foregoing, each had formed the opinion that the witness would lie if it were to his benefit to do so and was a sociopath. The trial judge did not permit that testimony. In affirming that ruling, the court said, at pages 912–13:

> As we have seen, competency is for the judge, not the jury. Credibility, however, is for the jury—the jury is the lie detector in the courtroom. Judges frequently instruct juries about factors that the jury may or should consider in weighing the veracity of a witness. In this respect it can be said that judges assume that they have certain expertise in the matter, and that juries have less of that expertise than judges. It is now suggested that psychiatrists and psychologists have more of this expertise than either judges or juries, and that their opinions can be of value to both judges and juries in determining the veracity of witnesses. Perhaps. The effect of receiving such testimony, however, may be two-fold: first, it may cause juries to surrender their own common sense in weighing testimony; second, it may produce a trial within a trial on what is a collateral but still an important matter. For these reasons we, like other courts that have considered the matter, are unwilling to say that when such testimony is offered, the judge must admit it.

*See also United States v. Provenzano,* 688 F.2d 194, 203–04 (3d Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982); *United States v. Pacelli,* 521 F.2d

135, 149 (2d Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). In *United States v. Jackson,* 576 F.2d 46, 49 (5th Cir.1978) the court, in declining a request for the mental examination of prosecution witnesses observed that in addition to seriously impinging upon a witness' right to privacy, such an examination could also be used to harass, deter witnesses from coming forward and cause a chilling effect on the detection of crime.

For the foregoing reasons, the defendant's motion is denied.

SO ORDERED.