**UNITED STATES of America,**

v.

**Jesus ROMAN, Defendant.**

**No. 94 Cr. 856 (CLB).**

United States District Court,
S.D. New York.

April 12, 1995.

See also 884 F.Supp. 124.

Mary Jo White by Kerry Lawrence, Asst. U.S. Atty., for the Government.

Susanne Brody, White Plains, NY, for defendant.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

Defendant, indicted for the crime of Aggravated Sexual Abuse (rape) within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2241, moves for an order of this Court to compel a psychiatric examination, prior to trial, of the complainant, Monique Roman,

who is also defendant's wife. Defendant contends that a psychiatric examination is necessary in order to determine the complainant's capacity to testify and to aid the jury in assessing her credibility.

■ After careful consideration the Court finds that there is no factual basis to order such an intrusion into the life of the complainant, and the motion is denied.

■ This application is addressed to the discretion of the Court. *United States v. Russo*, 442 F.2d 498, 503 (2d Cir.1971), *cert. denied*, 404 U.S. 1023, 92 S.Ct. 669, 30 L.Ed.2d 673, *reh'g denied*, 405 U.S. 949, 92 S.Ct. 930, 30 L.Ed.2d 819 (1972). As held in *Russo*,

> Ordering a witness to undergo a psychological examination is a drastic measure. Although apparently [witness] did consult two psychiatrists, his relationship seems to have been related to his marital difficulties and treatment being afforded his wife. In any event, the determination of whether a witness should undergo a psychiatric examination is a matter "particularly within the discretion of the trial court." *United States v. Lee Wan Nam*, 274 F.2d 863, 865 (2d Cir.), *cert. denied*, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1147 (1960).

*Id.* at 503.

■ Whether a witness is competent to testify depends on the individual's ability to observe, to remember, to communicate, and to understand that the oath imposes a duty to tell the truth. Competency is usually an issue for the trier of fact. See Rule 601 Fed.R.Evid.; 2 Wigmore §§ 501, 509; *United States v. Bloome*, 773 F.Supp. 545 (E.D.N.Y.1991). Nothing submitted in support of the application supports the inference that there exists any problem with the complainant's mental capacity or her ability to remember events and to testify. That she might have engaged in an immoral activity with another in 1992 does not justify a conclusion that she suffers from a mental defect or disease, or "insanity or mental derangement" within the meaning of *United States v. Hiss*, 9 F.R.D. 515 (S.D.N.Y.1949) a case decided prior to the adoption of the Federal Rules of Evidence.

A psychiatric examination to obtain expert testimony to help the jury assess the complainant's credibility is unnecessary under the facts presented. Access to a "psychiatric profile" of the alleged victim will be of little or no assistance in evaluating the proof in this case. *United States v. Moten*, 564 F.2d 620, 629 (2d Cir.), *cert. denied*, 434 U.S. 959, 98 S.Ct. 489, 54 L.Ed.2d 318 (1977). Such testimony creates the possibility of "a trial within a trial", which is unnecessarily distracting to the jury. *United States v. Pacelli*, 521 F.2d 135, 141 (2d Cir.1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *United States v. Bloome*, 773 F.Supp. at 548.

As held in *United States v. Benn*, 476 F.2d 1127 (D.C.Cir.1972):

> [A] psychiatric examination may seriously impinge on a witness' right to privacy; the trauma that attends the role of complainant to sex offense charges is sharply increased by the indignity of a psychiatric examination; the examination itself could serve as a tool of harassment; and the impact of all these considerations may well deter the victim of such a crime from lodging any complaint at all.

*Id.* at 1131.

The material submitted in support of the motion shows at most that the complainant previously complained of rape in 1992 under circumstances where the facts as admitted by her supported a conclusion of voluntary adultery. *Cf. Tyson v. State of Indiana*, 619 N.E.2d 276 (Ind.App.1993). In that prior incident the complainant later told the investigating officer, "I felt that I could have fought harder" (to prevent the alleged rape). When asked to explain what she meant by saying that she felt she could have fought harder, the complainant responded, "I could have demanded that he not have sex with me. I should have been more forceful with my words." (July 15, 1992 sworn statement of Monique Roman, attached as Exhibit A to defendant's motion papers).

These statements respecting the prior incident appear to this Court to support the complainant's truthfulness, because had she desired to cause the prosecution of the indi-

vidual involved in the 1992 incident it is likely she would have given different responses to her interviewer. In any event it is unlikely that cross examination of complainant about this prior incident will be admissible in light of new Fed.R.Evid. 412, and also because it is more prejudicial than probative under Rules 404(b), 608(6), etc.

For the foregoing reasons the defendant's motion to compel a psychiatric examination of the complainant is denied.

SO ORDERED.