**BRIGGS & RILEY TRAVELWARE, LLC, Plaintiff,**

v.

**PARAGON LUGGAGE, INC., Defendant.**

**No. 01 Civ. 3448(GEL).**

United States District Court, S.D. New York.

Nov. 14, 2003.

Jeffrey A. Schwab, and Richard L. Crisona, Abelman, Frayne & Schwab, New York City, for plaintiff Briggs & Riley Travelware, LLC.

Jack A. Kanz, Richardson, Texas, and Sharon H. Stern, Jenkens & Gilchrist Parker Chapin, LLP, New York City, for defendant Paragon Luggage, Inc.

## OPINION AND ORDER

LYNCH, District Judge.

Plaintiff Briggs & Riley Travelware, LLC ("Briggs") sues defendant Paragon Luggage, Inc. ("Paragon") for infringing a patent on a suitcase that can expand in

volume to accommodate more contents while maintaining stiff walls and a hard frame. After the parties submitted briefs on disputed terms in the patent claims and appeared for a *Markman* hearing on November 13, 2002, the Court construed the claims as a matter of law in a decision dated December 13, 2002. *Briggs & Riley Travelware, LLC. v. Paragon Luggage, Inc.*, No.01 Civ. 3448(GEL), 2002 WL 31819205 (S.D.N.Y. Dec. 13, 2002).[1] Defendant now moves for summary judgment of patent invalidity on the ground that the patent fails the novelty and non-obviousness requirements of the Patent Act, 35 U.S.C. §§ 102, 103. Plaintiff opposes the motion and moves to strike the testimony of Cory O. Nykoluk, the inventor of the disputed design who had assigned his patent rights to his then-employer (the plaintiff's predecessor-in-interest), on the grounds that Nykoluk's testimony is barred by the doctrine of assignor estoppel. For the reasons that follow, both motions will be denied.

## BACKGROUND

On April 24, 1998, Cory O. Nykoluk submitted an application to the United States Patent and Trademark Office ("PTO") for a patent on his invention titled "Expandable Bag With Stiffening Member," including an assignment of the invention to his then-employer Mainland Marketing, Inc. ("Mainland"). (Def.App. Ex. C, "Prosecution History"; Declaration of Jeffrey A. Schwab, dated May 30, 2003 ("Schwab Decl."), Ex. A, "Assignment".) Following Nykoluk's application, the PTO issued United States Letters Patent No.

6,059,078 ("'078 Patent") to Mainland on May 9, 2000, consisting of 22 separate patent claims protecting the design of an expandable travel bag that can be adjusted from a contracted to an expanded position while retaining the stiffness between the stationary and movable portions of the bag when expanded. Mainland subsequently assigned all rights to Briggs, the plaintiff in this case. Plaintiff filed this patent infringement action on April 24, 2001, claiming that defendant manufactured and sold infringing travel bags.

Defendant moves for summary judgment, arguing that the '078 patent is invalid because it was anticipated by the prior art, and because it was rendered obvious by the prior art. The prior art to which defendant refers consists of three early twentieth-century patents for expandable travel bags (the "Prior Patents"), which were not considered by the PTO at the time the '078 Patent was granted.[2] The parties agree that these Prior Patents were granted, but disagree as to whether, either collectively or individually, the Prior Patents anticipate the '078 Patent. (Pl. R. 56.1 Stmt. ¶¶ 3–16.)

Defendant relies heavily on the affidavit and deposition testimony of Nykoluk, who testified that he was not aware of the Prior Patents until defense counsel provided them at Nykoluk's first deposition in this case on September 4, 2002. Nykoluk testified at the 2002 deposition that the Prior Patents anticipated the '078 Patent, although he seemed to recant that testimony at a second deposition held on April 10, 2003. Nykoluk is not an employee of

---

**1.** Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), the Court interpreted the disputed terms "rigid plate," "separable from," "in juxtaposition," and "fastening means" used in one of the 22 claims.

**2.** The Prior Patents are: U.S. Patent No. 1,045,390 issued in 1912 (Def.App.Ex. D); U.S. Patent No. 764,144 issued in 1904 (Def.App.Ex. E); and Australia Patent App. No.2026/26 issued in 1926 (Def.App.Ex. F)

plaintiff or defendant, although he was retained as an expert witness by defendant sometime after his 2002 deposition and before his 2003 deposition.

Plaintiff opposes summary judgment on the grounds that there are material issues of fact in dispute concerning whether the Prior Patents anticipate the '078 patent, thus requiring findings of fact beyond the scope of a motion under Fed.R.Civ.P. 56. Plaintiff also moves to strike Nykoluk's testimony on the grounds of assignor estoppel, arguing that Nykoluk cannot now testify as to the validity of the patent that he had previously assigned to plaintiff's predecessor in interest.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and when, viewing the evidence in a light most favorable to the nonmoving party, no reasonable trier of fact could disagree as to the outcome of the case. See Nabisco, Inc. v. Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir.2000). While all ambiguities in the evidentiary record must be resolved in favor of the nonmoving party, "the nonmoving party may not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir.1998). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir.1996). Summary judgment is then appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ...

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To establish a genuine issue of material fact, the party opposing summary judgment " 'must produce specific facts indicating' that a genuine factual issue exists." Scotto, 143 F.3d at 114, quoting Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir.1998); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Whether a patent is anticipated by the prior art is a question of fact. Schumer v. Laboratory Computer Systems, Inc., 308 F.3d 1304, 1315 (Fed.Cir. 2002), citing Apple Computer, Inc. v. Articulate Sys., Inc., 234 F.3d 14, 20 (Fed. Cir.2000). The standard for summary judgment applies in a patent cases as in any other case, Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 835 (Fed.Cir.1984), although the burden of proof facing the moving party here is unusually high. To overcome the presumption of patent validity articulated in 35 U.S.C. § 282,[3] "the party challenging a patent must prove facts supporting a determination of invalidity by clear and convincing evidence." Schumer, 308 F.3d at 1315, citing Apotex USA, Inc. v. Merck & Co., 254 F.3d 1031, 1036 (Fed.Cir. 2001). In other words, summary judgment may not be granted here if a reasonable fact-finder could come to any conclusion other than that plaintiff has proved by clear and convincing evidence that the '078 Patent was anticipated or rendered obvious by the prior art.

The Federal Circuit has noted that "[t]ypically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' [sic] interpreta-

**3.** Section 282 provides that "[a] patent shall    be presumed valid."

tion of the claim element, and explain in detail how each claim element is disclosed in the prior art reference." *Schumer*, 308 F.3d at 1315. Conclusory testimony is insufficient to meet that standard. Furthermore, it is "not ... the task of the district court, to attempt to interpret confusing or general testimony to determine whether a case of invalidity has been made out, particularly at the summary judgment stage." *Id.* at 1316.

## II. *Obviousness Under 35 U.S.C. § 103*

An invention cannot be patented if it is rendered obvious by the prior art, that is, if the differences between it and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). The Federal Circuit has held that "[i]n order to determine obviousness as a legal matter, four factual inquiries must be made" pursuant to *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed.Cir. 2000) (vacating district court's finding of invalidity after bench trial for failure to explicitly consider *Graham* factors). The district court must consider "(1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary considerations of nonobviousness, which in case law is often said to include commercial success, long-felt but unresolved need, failure of others, copying and unexpected results." *Id.* at 662–663, *citing Graham*, 383 U.S. at 17–18, 86 S.Ct. 684. "The necessity of *Graham* findings is especially important where the invention is less technologically complex," as is the case here, to avoid the "insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher." *Ruiz*,

234 F.3d at 664, *quoting In re Dembiczak*, 175 F.3d 994, 999 (Fed.Cir.1999), *abrogated on other grounds by In re Gartside*, 203 F.3d 1305 (Fed.Cir.2000) (internal quotation marks omitted). Defendant has the burden of showing by clear and convincing evidence that the patent is invalid. If there is an issue of material fact in dispute regarding factors required by *Graham*, then summary judgment on invalidity is inappropriate.

■ The only evidence defendant has produced to demonstrate invalidity are the Prior Patents, which go to the scope and content of the prior art, and Nykoluk's opinion of the extent to which the Prior Patents anticipate the '078 Patent. Plaintiff contends that Nykoluk is prohibited from testifying by the assignor estoppel doctrine. If plaintiff were correct, then defendant's motion would necessarily fail, as defendant would then lack any competent testimony on the crucial question of the relation of the prior patents to the claimed invention. As discussed below, the assignor estoppel doctrine does not render Nykoluk's testimony inadmissible. But even taking Nykoluk's testimony into account, defendant has not carried its burden of undisputed clear and convincing evidence of invalidity, because that testimony is confusing and self-contradictory, and calls for interpretation and credibility findings far beyond the scope of a summary judgment motion.

Defendant relies on Nykoluk's testimony to explain the both the first prong of the *Graham* test (the scope and content of the Prior Patents) and its third prong (the differences between the Prior Patents and the '078 Patent). Nykoluk alternately testifies: (1) that the Prior Patents *do* anticipate and/or render obvious the '078 Patent (Tr. of 9/4/02 Nykoluk deposition, Def.App. Ex. G, at 55, 60, 66); (2) that the Prior

Patents *do not* anticipate the '078 Patent (Tr. of 4/10/03 Nykoluk deposition, Schwab Decl. Ex. C, at 86–87); and (3) that he does not understand the legal meaning of 'anticipation' or 'obviousness' in the patent context (*Id.* at 85–86, 45). Even without considering any of plaintiff's evidence, defendant's witness presents disputed issues of material fact in his own testimony, thus precluding the relief defendant seeks. The Court is not permitted to attempt an interpretation of this self-contradictory testimony on summary judgment, and since there are disputes concerning key factual inquiries required by *Graham*, summary judgment for patent invalidity may not be granted. The Court expresses no opinion as to the ultimate significance of Nykoluk's testimony, and it will be for a factfinder to interpret that testimony and decide which portion, if any, to believe.

### III. *Assignor Estoppel Doctrine*

■ Under the assignor estoppel doctrine, "an assignor of a patent right is estopped to attack the utility, novelty or validity of a patented invention which he has assigned or granted as against any one claiming the right under the assignment or grant." *Westinghouse Electric & Mfg. Co. v. Formica Insulation Co.*, 266 U.S. 342, 349, 45 S.Ct. 117, 69 L.Ed. 316 (1924).[4] The doctrine also bars any party in privity with the assignor from asserting the invalidity defense. *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir.1988).

■ Although Nykoluk himself is not a party to this action, and defendant never held or assigned the patent in question, plaintiff argues that the doctrine precludes Paragon from using Nykoluk's testimony to establish the invalidity of the patent that he obtained and assigned to plaintiff's predecessor-in-interest. (Plaintiff does not claim, however, that defendant is estopped from asserting the patent's invalidity using other evidence such as the Prior Patents.) Plaintiff's effort to exclude Nykoluk's testimony must fail. Nykoluk is not prevented from testifying under the plain terms of the doctrine because assignor estoppel is not a general witness disqualification doctrine. Moreover, Nykoluk is not in privity with Paragon, and therefore Paragon may raise the defense of invalidity and may use any competent and admissible testimony to support that defense.

Plaintiff's argument is premised on the faulty assumption that the assignor estoppel doctrine operates as a testimonial disqualification that prevents an assignor from giving testimony that might support any party's claim of patent invalidity. Such an interpretation of the estoppel doctrine would collide with the general presumption of witness competency in Federal Rule of Evidence 601, by precluding an otherwise competent witness, the assignor, from providing testimony relevant to the issue of patent invalidity.[5] Under plaintiff's theory of assignor estoppel as a form of witness disqualification, an assignor would never be permitted to testify as to patent novelty in any context where the

---

**4.** The assignor estoppel doctrine is qualified to the extent that under certain circumstances the assignor may introduce evidence as to "the state of the art ... to construe and narrow the claims of the patent, conceding their validity." *Id.,* at 351.

**5.** Federal Rule of Evidence 601 provides that "[e]very person is competent to be a witness except as otherwise provided in these rules."

Judge Weinstein has noted that the rule is intended as a "general ground-clearing" to eliminate historical grounds of incompetency including connection to litigation or interest in outcome, thereby expressing the modern view disfavoring witness disqualification. Jack B. Weinstein et al., 3 *Weinstein's Federal Evidence,* 601 App.1 (2003).

testimony is adverse to the interests of a party claiming the patent right.

Contrary to plaintiff's interpretation, however, assignor estoppel is not a rule of evidence. Assignor estoppel originated to preclude an assignor from raising a defense to his or her own infringement of the patent previously assigned, where allowing such a defense would be unfair. *Id.* at 1225 (noting that "the primary consideration in applying the doctrine is the measure of unfairness that would be suffered by the assignee if the assignor were allowed to raise defenses of patent invalidity ... [the] analysis must be concerned with the balance of equities between the parties.") Rather than precluding assignors from testifying under any circumstances, the doctrine estops assignors accused of infringement from asserting a certain defense (invalidity) when the equities so require. *See id.* at 1225–26 (noting that "the doctrine of assignor estoppel [is] no longer ... a broad equitable device susceptible of automatic application.") In such a case, an assignor-defendant is not merely barred from offering his own testimony, but is precluded as a substantive matter from raising the invalidity defense at all, regardless of the nature of the evidence that would be presented.

Like other estoppel doctrines, such as collateral estoppel, judicial estoppel, or promissory estoppel, assignor estoppel operates not as a rule of evidence prohibiting particular witnesses' testimony, but as a substantive rule precluding the estopped party from advancing a particular claim or

defense by any means whatsoever, regardless of whether he proposes to testify himself. At bottom, like many other estoppel rules, assignor estoppel is based on the equitable principle that a party may not change position after another party has relied on that position to its detriment. Equity will not permit an inventor to obtain a patent, profit from its assignment to another, and then manufacture infringing products and defend the resulting suit by claiming that the patent he himself sold was invalid in the first place. The estoppel thus prevents the inventor/assignor from asserting invalidity as a defense to an infringement claim by his own assignee. There is no equity, however, in denying a party which is *not* so estopped from presenting any competent evidence that can aid a factfinder in determining the merits of its defense. Assignor estoppel operates against the inventor/assignor; it cannot unfairly hamstring a party which never obtained, held or assigned the patent from proving its case, by declaring incompetent the testimony of a witness who may have valuable testimony to offer.[6]

Plaintiff has not argued that Paragon should be precluded from raising the defense of patent invalidity. Nor could it. Paragon never owned the '078 Patent, and certainly never assigned it, and thus Paragon is not estopped from raising the affirmative defense of invalidity. Paragon is not in privity with Nykoluk simply because it paid him an hourly fee to be an expert witness.[7] Rather, plaintiff simply asserts

---

**6.** Of course, like any other witness, an inventor called to testify as either a fact or expert witness will be subject to impeachment on the basis of his prior assertions in obtaining the patent, or his representations of validity in connection with the assignment. Fed.R.Evid. 607, 613. Such cross-examination, however, goes to the credibility of the witness's testimony, not its admissibility.

**7.** The Federal Circuit has held that "privity depends on the closeness of the relationship [between assignor and accused infringer] based on a balancing of the equities....What is significant is whether the ultimate infringer availed itself of the inventor's 'knowledge and assistance' to conduct infringement." *Intel Corp. v. U.S. Int'l Trade Comm'n,* 946 F.2d 821, 838, 839 (Fed.Cir.1991) *quoting Sham-*

that non-party Nykoluk may not testify as to invalidity.

No authoritative precedent supports this position, nor is it logical to extend the doctrine to prevent a competent witness from testifying. As defendant correctly points out, *Westinghouse* and subsequent cases have applied the doctrine to preclude an invalidity defense where the assignor or a party in privity with the assignor is the alleged infringer of the assignee's patent rights. *See Carroll Touch, Inc. v. Electro Mechanical Systems, Inc.*, 15 F.3d 1573 (Fed.Cir.1993) (assignor estopped from contesting validity where assignor is alleged infringer); *PennPac Int'l, Inc. v. Rotonics Mfg., Inc.*, No. 99 Civ. 2890 (Yohn, J.) 2001 WL 569264 (E.D.Pa. May 25, 2001) (assignor estopped from contesting patent validity where his company is alleged infringer). Research has revealed only two district court cases, not cited by either party, that could be taken to have applied the assignor estoppel doctrine to discard testimony by a non-party inventor

going to the invalidity of a patent that the inventor had previously assigned to a plaintiff. *See Total Containment, Inc. v. Buffalo Environmental Products Corp.*, 35 U.S.P.Q.2d 1385, 1394 (E.D.Va.1995); *Henkel Corp. v. Coral, Inc.*, 754 F.Supp. 1280, 1318 (N.D.Ill.1990). Neither case offers persuasive reasoning, and both may be distinguishable.[8] To the extent that either adopts the position argued for by plaintiff here, for the reasons stated this Court must respectfully disagree.

As noted above, the credibility of Nykoluk's testimony will no doubt be subject to vigorous attack, both because of his role in obtaining the patent and because of the astonishing degree to which he has already given inconsistent or otherwise impeaching testimony in his two depositions. But it will ultimately be for the factfinder to decide whether such impeachment defeats the credibility of all or any of his testimony. No estoppel, however, prevents Paragon from calling him as a witness.

---

*rock Tech., Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 794 (Fed.Cir.1990). The relationship between Nykoluk and the defendant company comes nowhere close to the kind of commonality of interest that obtains in cases where courts have estopped a defendant in privity with the assignor from raising invalidity as a defense. In those cases, generally the inventor assigned his patent rights to Company A, then moved to Company B and played a central role in the activity that allegedly infringed Company A's patent. *See e.g. Intel Corp.*, 946 F.2d at 839; *Shamrock Tech.*, 903 F.2d at 793; *American Fence Co., Inc. v. MRM Security Sys., Inc.*, 710 F.Supp. 37, 40 (D.Conn.1989). Paragon manufactured the allegedly infringing suitcases without any assistance from Nykoluk. Indeed, it appears that Nykoluk only came in contact with Paragon as a result of this lawsuit.

8. In *Henkel*, the court does not appear to have excluded the inventor's testimony at all. Rather, in making findings of fact following a bench trial, the court asserts that his testimony "should not be accorded any weight" be-

cause he is "estopped from challenging the validity of the [ ] patent." 754 F.Supp. at 1318. It would be well within the province of a factfinder to reject as incredible the testimony of a witness who had previously, in applying for the patent, taken a position inconsistent with his trial testimony. Moreover, the inventor in *Henkel* was at the time of his testimony an employee of the infringing defendant, *id.*, further distinguishing the case. *Total Containment*, also an opinion after trial, relies uncritically on *Henkel* in rejecting defendant's argument that "no precedent exists for precluding factual testimony of an inventor from being used in a patent infringement trial of a third party not in privity with that inventor." 1995 WL 454143, 35 U.S.P.Q.2d at 1394. Notably, the inventor in *Total Containment* was himself the president of another of the plaintiff's competitors who had himself been sued by the plaintiff in another action. *Id.* 1995 WL 454143, 35 U.S.P.Q.2d at 1390. This Court expresses no view on whether assignor estoppel would preclude testimony in that specific situation, which is distinguishable from the present case.

*CONCLUSION*

For the foregoing reasons, defendant's motion for summary judgment and plaintiff's motion to exclude Nykoluk's testimony are denied.