Michael M. TATE, a minor, by guardian ad litem Monique Y. TATE, et. al., Plaintiffs

v.

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF PEEKSKILL, et. al. Defendants

No. 03 CIV. 5331(SCR).

United States District Court, S.D. New York.

Nov. 29, 2004.

---

James R. Marsh, Marsh & Fastenberg LLP, White Plains, NY, for Plaintiffs.

Rocco J. Siconolfi, Kaufman, Borgeest Et Ano., Michael Paul Kandler, Callan, Koster, Brady & Brennan, LLP, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background:

Michael M. Tate, *a minor, by guardian ad litem Monique Y. Tate* ("Michael M."), Monique Y. Tate, and Michael F. Tate (collectively the "Plaintiffs") brought this action against the Board of Education of the City School District of Peekskill, various individuals associated with the Board, Westchester Exceptional Children, Inc. ("WEC"), and various individuals associated with WEC (collectively the "Defendants") for subjecting Michael M. to physi-cal abuse, and for permitting, condoning, failing to investigate and failing to stop abuse of students with disabilities at their facilities.

Michael M. is a six-year old boy who has been classified as "multiply disabled" by the Peekskill Committee on Special Education. At the time of the acts at issue in this case, he had been attending kindergarten at WEC. By order dated August 27, 2004, this court found reasonable cause to hold a hearing to determine whether Michael M. is competent to testify at a deposition and at trial in this matter.

Consistent with that order, a competency hearing was held on September 28, 2004. At that hearing, the Plaintiff requested that the court conduct the examination of Michael M., and that the examination take place in chambers. Both counsel for the Defendants objected to having the hearing in chambers and requested that they be given an opportunity to ask questions of Michael M. after the court concluded its questioning. Finding that the purpose of the hearing was not to determine how Michael M. would perform as a witness at trial but rather to determine his competency to testify, the court decided that it would conduct the examination of the witness, and that it would do so in chambers, with all parties and the court reporter present.[1]

### II. Analysis

██ Whether a witness is competent to testify depends on the individual's ability to observe, to remember, to communicate, and to understand that the oath imposes a duty to tell the truth. *See United States v. Roman,* 884 F.Supp. 126, 127 (S.D.N.Y.

---

1. The court did, however, provide counsel with the opportunity, at the end of the court's questioning, to request that the court ask Michael M. any other questions that they believed to be relevant. After the court had concluded its questioning, counsel for WEC requested that the court ask Michael M. to describe other recent incidents in his life to determine if it was possible for him to recall events that allegedly occurred over two years ago. The court declined to ask Michael M. these questions.

1995). There is a general presumption in favor of finding witnesses competent to testify. *See* FED RULES EVID R 601 ("Every person is competent to be a witness except as otherwise provided in these rules."); *Briggs & Riley Travelware, LLC v. Paragon Luggage, Inc.*, 324 F.Supp.2d 395, 400 (S.D.N.Y.2003).

■ Based on Michael M's responses to the court's questions during the competency hearing, the court finds that he is competent to testify in this case. Despite being questioned on a wide array of topics, the vast majority of Michael M.'s answers were responsive to the questions asked. His responses and demeanor were not inconsistent with the behavior one would expect of other children his age and, although his statements may not always have been consistent with each other, he demonstrated an understanding of the questions he was being asked, attempted to answer them, and articulated responses that were easily decipherable to the court, counsel and the court reporter. Michael M. evidenced an ability to communicate his recollection of the events that form the subject matter of this litigation and corrected himself when, upon reflection, he determined that a previous response was not accurate. Moreover, with respect to the duty to tell the truth, he indicated that he had a basic understanding of the concept of truthfulness and appreciation for the obligation to be truthful when he stated that telling the truth was both "saying something that is real" and "right."

### III. Conclusion

For these reasons, the court finds that Plaintiff Michael M. is competent to testify in this case.

It is so ordered.