**Edward H. PHILLIPS, Plaintiff–Appellant,**

v.

**AWH CORPORATION, Hopeman Brothers, Inc., and Lofton Corporation, Defendants–Cross Appellants.**

Nos. 03–1269, 03–1286.

United States Court of Appeals, Federal Circuit.

July 21, 2004.

Carl F. Manthei, Attorney at Law, of Boulder, CO, filed a petition for rehearing en banc for plaintiff-appellant.

Mark W. Fischer, Faegre & Benson LLP, of Boulder, CO, filed a response to the petition for defendants-cross appellants. With him on the response was Scott Holwick.

Before MAYER, Chief Judge, NEWMAN, MICHEL, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, Circuit Judges.

RADER, Circuit Judge, concurs in a separate opinion.

MAYER, Chief Judge, dissents in a separate opinion.

## *ORDER*

PER CURIAM.

A combined petition for panel rehearing and rehearing *en banc* having been filed by the Plaintiff–Appellant, and a response thereto having been invited by the court and filed by the Defendants–Cross Appellants, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the petition for rehearing *en banc* having been referred to the circuit judges who are in regular active service, and a poll having been taken

IT IS ORDERED THAT:

(1) the petition for rehearing is denied;

(2) the petition to rehear the appeal *en banc* is granted;

(3) the judgment of the court entered on April 8, 2004, is vacated, and the opinion of the court accompanying the judgment, reported at 363 F.3d 1207 (Fed.Cir.2004), is withdrawn.

This court has determined to hear this case *en banc* in order to resolve issues concerning the construction of patent claims raised by the now-vacated panel majority and dissenting opinions. The parties are invited to submit additional

briefs directed to these issues, with respect particularly to the following questions:

1.  Is the public notice function of patent claims better served by referencing primarily to technical and general purpose dictionaries and similar sources to interpret a claim term or by looking primarily to the patentee's use of the term in the specification? If both sources are to be consulted, in what order?

2.  If dictionaries should serve as the primary source for claim interpretation, should the specification limit the full scope of claim language (as defined by the dictionaries) only when the patentee has acted as his own lexicographer or when the specification reflects a clear disclaimer of claim scope? If so, what language in the specification will satisfy those conditions? What use should be made of general as opposed to technical dictionaries? How does the concept of ordinary meaning apply if there are multiple dictionary definitions of the same term? If the dictionary provides multiple potentially applicable definitions for a term, is it appropriate to look to the specification to determine what definition or definitions should apply?

3.  If the primary source for claim construction should be the specification, what use should be made of dictionaries? Should the range of the ordinary meaning of claim language be limited to the scope of the invention disclosed in the specification, for example, when only a single embodiment is disclosed and no other indications of breadth are disclosed?

4.  Instead of viewing the claim construction methodologies in the majority and dissent of the now-vacated panel decision as alternative, conflicting approaches, should the two approaches be treated as complementary methodologies such that there is a dual restriction on claim scope, and a patentee must satisfy both limiting methodologies in order to establish the claim coverage it seeks?

5.  When, if ever, should claim language be narrowly construed for the sole purpose of avoiding invalidity under, e.g., 35 U.S.C. §§ 102, 103 and 112?

6.  What role should prosecution history and expert testimony by one of ordinary skill in the art play in determining the meaning of the disputed claim terms?

7.  Consistent with the Supreme Court's decision in *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), and our *en banc* decision in *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448 (Fed.Cir.1998), is it appropriate for this court to accord any deference to any aspect of trial court claim construction rulings? If so, on what aspects, in what circumstances, and to what extent?

This case will be heard *en banc* on the basis of the briefs already filed and any additional briefs addressing the questions set forth above. An original and thirty copies of all additional briefs shall be filed, and two copies served on opposing counsel. Such additional briefs shall be filed simultaneously by the parties, sixty days from the date of this Order, and shall not exceed 7,000 words in length.

*Amicus curiae* briefs may be filed by bar associations, trade or industry associations, government entities, and other interested parties. In particular, the United States Patent and Trademark Office is in-

vited to submit an *amicus curiae* brief. *Amicus* briefs shall be limited to 5,000 words, and shall be filed within sixty days from the date of this Order. *Amicus* briefs shall comply with Fed. R.App. P. 29 and Federal Circuit Rule 29. In order to reduce the number of redundant briefs, the court requests that, whenever possible, *amicus* participants advocating similar positions file a joint brief.

Both the parties' briefs and the *amicus* briefs shall be limited to the issue of claim construction, and shall not address the issue of whether the plaintiff-appellant's trade secret misappropriation claim was barred by the statute of limitations.

Oral argument will be scheduled by a later order.

RADER, Circuit Judge, concurring in this court's order to rehear the appeal en banc.

To provide completeness in the *en banc* proceeding, this court should receive commentary on the following question as well:

Is claim construction amenable to resolution by resort to strictly algorithmic rules, e.g., specification first, dictionaries first, etc.? Or is claim construction better achieved by using the order or tools relevant in each case to discern the meaning of terms according to the understanding of one of ordinary skill in the art at the time of the invention, thus entrusting trial courts to interpret claims as a contract or statute?

MAYER, Chief Judge, dissenting.

Until the court is willing to reconsider its holdings in *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed.Cir.1995) (en banc), *aff'd on other grounds*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), and *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448 (Fed.Cir.1998) (en banc), that claim construction is a pure question of law subject to *de novo* review in this court, any attempt to refine the process is futile. Nearly a decade of confusion has resulted from the fiction that claim construction is a matter of law, when it is obvious that it depends on underlying factual determinations which, like all factual questions if disputed, are the province of the trial court, reviewable on appeal for clear error. To pretend otherwise inspires cynicism. Therefore, and because I am convinced that shuffling our current precedent merely continues a charade, I dissent from the *en banc* order.