**In re INTERTAPE POLYMER CORP. and Intertape Polymer Management Corp., Petitioners.**

No. 776.

United States Court of Appeals, Federal Circuit.

Dec. 2, 2004.

Before MICHEL, SCHALL, and GAJARSA, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

GAJARSA, Circuit Judge.

*ORDER*

Intertape Polymer Corp. and Intertape Polymer Management Corp. petition for a writ of mandamus to direct the United States District Court for the Middle District of Florida (Case 8:03–cv–528–T–30MAP) to vacate its October 4, 2004 stay and allow the case to proceed.

The special master who was appointed to assist the district court in rendering a *Markman* decision inquired whether the parties believed that the case should be stayed pending a decision by this court in *Phillips v. AWH Corp.*, 376 F.3d 1382 (Fed.Cir.2004), *opinion withdrawn and reh'g en banc granted.* LINQ Industrial Fabrics, Inc. agreed that the case should be stayed and Intertape opposed. On review, the district court agreed with the special master and stayed the case. Intertape now petitions for a writ of mandamus to direct the district court to vacate its stay order and allow the case to proceed.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot

be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188.

This case, involving the district court's management of its own docket, clearly does not warrant the extraordinary remedy of mandamus. Intertape has not shown that it has a clear and indisputable right to a contrary ruling by the district court, when, as here, the ruling is committed to the discretion of the district court. *Allied,* 449 U.S. at 36, 101 S.Ct. 188. *See also Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed.Cir.1983) (district court has broad discretion in managing its docket and a stay will not be interfered with unless it is of immoderate or an indefinite nature).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

MICHEL, Circuit Judge, dissenting.

MICHEL, Circuit Judge.

Some eighteen months after this case was filed—following more than a year of discovery, full briefing on claim construction, and a *Markman* hearing—the district court stayed all proceedings solely to await the resolution of *Phillips v. AWH Corp.,* 376 F.3d 1382 (Fed.Cir.2004), *opinion withdrawn and reh'g en banc granted.* As its primary reason for granting the stay, the district court cited the parties' anticipated lack of a "comfort level" with any claim construction ruling issued by the district court in view of the pending *en banc Phillips* case. "In most of these patent cases and I think including this one," the court explained, "once a ruling is made on the *Markman* issues, if counsel on both sides have some level of comfort in the ruling, they can tell their clients what their risk is, what their chances are, and most times I think these cases end up

resolving." With *Phillips* pending *en banc* consideration, the district court concluded, that "comfort" no longer exists. Adding, with barely an explanation, that the *Phillips* case is "right on target with some of the disputes in this case," the district court assumed that the only prudent thing to do was to "wait, get this ruling [in *Phillips* ], then have [the Special Master] hear from both of you and make his recommendations."

The majority now sanctions this "stop everything" approach, deferring to the district court's discretion to manage its own docket. Accepting that discretion, I nonetheless disagree with the majority. First, the district court's oral ruling fails to explain how an *en banc* decision in *Phillips,* whatever it may be, will impact the instant case. The ruling, for example, does not link any of the questions posed by the *Phillips* order with those at issue in this case. The mere fact that both cases implicate the construction of patent claims is insufficient. Every infringement case does. If such a rationale were to suffice, every patent case would require an indefinite stay; after all, the interpretation of the metes and bounds of the patented invention(s) serves as a threshold for every finding of infringement. Absent an articulated and concrete tie to the specific questions before this court *en banc* in *Phillips,* the district court's order provides little, if anything, for this court to agree with or even meaningfully to review.

Second, the district court's concern over the parties' "comfort level" with its claim construction ruling appears misplaced. Litigation always poses inherent and unknowable risks. Claim interpretation, a matter of law, is subject to *de novo* review on appeal. Here, this means that this court may disagree with the district court's claim construction even if it renders such a construction after the *en banc Phillips*

decision. As the district court acknowledged, "I fully expect one or the other of you to appeal after that happens ..." Trial courts and litigants must manage these uncertainties without regard for appellate proceedings in an unrelated matter. Moreover, the district court's assumption that—armed with our *en banc* decision on claim construction—the parties will more likely settle has little basis. It is, for example, just as likely that their perceived inability to calculate litigation exposure, rather than any imaginable *en banc* decision, will lead to an earlier settlement.

This court's order granting *en banc* rehearing in the *Phillips* case issued on July 21, 2004. The briefing concluded on September 28, 2004. Argument has yet to be scheduled. Given the complexity and importance of the issues *en banc*, it is impossible to predict when a decision may issue. Staying all patent cases in anticipation of our *en banc* decision would only lead to more protracted litigation, increased costs, and utter chaos. Parties may attempt to play the system to prolong the proceedings. Such gamesmanship would, in turn, force other litigants to expend more resources. And, while I am unaware of the number of patent cases on the docket in the Middle District of Florida, in certain jurisdictions, a policy of staying all patent cases would lead to freezing hundreds of pending litigations at different stages of progress. With all patent cases on hold—indefinitely—courts would lose all ability to handle their dockets of such cases.

Here, with the parties' claim construction positions fully articulated, a *Markman* hearing already held, and a Special Master appointed to interpret the patent claims, the only efficient way to proceed is to proceed. This is not to say that in a case less advanced, a stay would be more appropriate. Just the opposite. This is not the first nor the last time this court has

announced *en banc* rehearing of important issues affecting patent law; the *Festo* case is but one recent example. All patent litigation cannot come to a halt each time this court takes up important issues, like the doctrine of equivalents or claim construction, for *en banc* consideration.

Because, in my view, the district court exercised no discretion, and thus necessarily abused its discretion in staying the case until the outcome of *Phillips*, I respectfully dissent.