MEMORANDUM OPINION AND ORDER CONCERNING THE STATUS OF DEFENDANT AND THE DEFENDANT-INTERVENOR, THE COURT’S JURISDICTION, AND RELATED MATTERS IN LIGHT OF DEFENDANTS’ JANUARY 14, 2005 CLAIM CONSTRUCTION BRIEF
BRADEN, Judge.
On May 23, 2003, the Government requested that Lockheed Martin Corporation (“Lockheed Martin”) be notified of this action, pursuant to 41 U.S.C. § 114(b) and RCFC 14(b), because:
Lockheed Martin may have an interest in the outcome of this lawsuit for two reasons. First, it appears to have an obligation to reimburse or indemnify the Government for patent infringement based *808 upon either an express indemnity agreement or a warranty of noninfringement as provided in the Uniform Commercial Code (UCC). In particular, all three contracts for the purchase of the C-13ÓJ aircraft appear to include an express warranty of noninfringement whereby a supplier, such as Lockheed Martin, agrees to indemnify the Government against claims of patent infringement resulting from its use of the purchased aircraft. In addition, a purchaser of goods, such as the Government, is accorded commercial warranties provided in the UCC and, in particular, the warranty against infringement as set forth in UCC § 2-312(3).
Second, apart from the question of whether Lockheed Martin is a potential indemnitor or warrantor to the Government, it may have sold or plan to sell the C-130J aircraft to other customers which are similar or identical to those supplied to the Government. In the latter instance, Lockheed Martin may have an interest in appearing as a third party in this lawsuit to establish rights to make and sell such machines free from claims of infringement. Thus, Lockheed Martin should be afforded an opportunity to enter this lawsuit as a third-party defendant through the issuance of the requested RCFC 14(b) notice.
May 23, 2003 Mot. for Notice to Third-Party Pursuant to RCFC 14(b) at 2-3. Attached to the Government’s Motion were three Exhibits, one of which reflects that the Government and Lockheed Martin entered into a contract on December 22, 2000, wherein it appears that the Government authorized Lockheed Martin “to intervene in the defense of any related suit; provided that at the request of the Government, [Lockheed Martin] will assume and undertake the conduct and control of any suit when it is legally practicable to do so.” May 23, 2003 Mot. for Notice to Third-Party Pursuant to RCFC 14(b), Exhibit 2 at 2((i)(3)) (Contract No. F33657-00-C-0018 page one and an unidentified one page attachment).
On September 3, 2003, Lockheed Martin filed an Unopposed Motion to Intervene in this case pursuant to RCFC 24(a)(2) or “[i]n the alternative” under RCFC 24(b)(2). See Lockheed Martin Mot. to Intervene at 8. On September 17, 2003, the court entered an order granting that motion, but only with respect to Counts III (’637 patent) and VII (’914 patent) and without specifying whether intervention was granted as a matter of right or by permission. Although the aforementioned exhibits indicate a sufficient interest in this case to support permissive intervention under RCFC 24(b), the exhibits were not complete, never authenticated, nor properly proffered to meet the evidentiary requirements for intervention as a matter of right. See, e.g., American Maritime Transp. Inc. v. United States, 870 F.2d 1559, 1561 (Fed.Cir. 1989) (Evidence supporting intervention as a matter of right must demonstrate “a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.”)
The status of Lockheed Martin as a permissive intervenor, however, has been placed at issue as a result of the circumstances surrounding the filing of “Defendants’ January 14, 2005 Claim Construction Brief’ (“Defendants’ Brief’). On October 6, 2004, with the concurrence of all parties, an Amended Claim Construction Procedures Order was entered providing the dates on which “each party ” or “each opposing party ” would have to file a response chart, claim construction statement, and brief. See October 6, 2004 Order at IN 1(b), 2(b), 3(b)-(c) (emphasis added). Without requesting to amend the October 6, 2004 Order or otherwise requesting leave, the Government and Lockheed Martin proceeded to file a joint brief that clearly had been authored by Lockheed Martin’s counsel, albeit with the consent and concurrence of the Government. The court’s issue with Defendants’ Brief is not merely a quibble about form over substance, but about its impact on the current status of the Government, Lockheed Martin, the court’s jurisdiction, and issues central to the claim construction hearing scheduled to commence on January 31, 2005.
The public interest in having transparent judicial proceedings is particularly ill-served where a private party is in fact conducting and funding the Government’s defense of a patent infringement case without the Government’s public recognition and specific author *809 ization of such. Therefore, if the Government, in fact, has decided to allow Lockheed Martin to “assume and undertake the conduct and control” of this case, then the Government should advise the court and parties in writing on or before January 31, 2005 and provide the court and other parties with a brief explaining whether the court continues to have jurisdiction over this patent infringement suit. On the other hand, if the Government, in fact, intends to continue to defend this case, the court expects each party to proceed independently, representing the best interests of each party’s respective clients.
In addition, the Government should be aware that its decision to authorize the filing of Defendants’ Brief seriously has undermined the credibility of its claim construction argument. First, Defendants’ Brief did not bother to inform the court, much less acknowledge the import of the pending en banc proceedings in the United States Court of Appeals for the Federal Circuit in Edward H. Phillips v. AWH Corp., 376 F.3d 1382 (Fed.Cir.2004), wherein the United States Court of Appeals for the Federal Circuit recently requested briefing and argument regarding the following core claim construction issues:
1. Is the public notice function of patent claims better served by referencing primarily to technical and general purpose dictionaries and similar sources to interpret a claim term or by looking primarily to the patentee’s use of the term in the specification? If both sources are to be consulted, in what order?
2. If dictionaries should serve as the primary source for claim interpretation, should the specification limit the full scope of claim language (as defined by the dictionaries) only when the patentee has acted as his own lexicographer or when the specification reflects a clear disclaimer of claim scope? If so, what language in the specification will satisfy those conditions? What use should be made of general as opposed to technical dictionaries? How does the concept of ordinary meaning apply if there are multiple dictionary definitions of the same term? If the dictionary provides multiple potentially applicable definitions for a term, is it appropriate to look to the specification to determine what definition or definitions should apply?
3. If the primary source for claim construction should be the specification, what use should made of dictionaries? Should the range of the ordinary meaning of claim language be limited to the scope of the invention disclosed in the specification, for example, when only a single embodiment is disclosed and no other indications of breadth are disclosed?
4. Instead of viewing the claim construction methodologies in the majority and dissent of the now-vacated panel decision as alternative, conflicting approaches, should the two approaches be treated as complementary methodologies such that there is a dual restriction on claim scope, and a pat-entee must satisfy both limiting methodologies in order to establish the claim coverage it seeks?
5. When, if ever, should claim language be narrowly construed for the sole purpose of avoiding invalidity under, e.g., 35 U.S.C. §§ 102,103, and 112?
6. What role should prosecution history and expert testimony by one of ordinary skill in the art play in determining the meaning of the disputed claim terms?
7. Consistent with the Supreme Court’s decision in Markman v. Westview Instruments, Inc., 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), and our en banc decision in Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448 (Fed.Cir.1998), is it appropriate for this court to accord any deference to any aspect of trial court claim construction rulings? If so, on what aspects, in what circumstances, and to what extent?
Phillips, 376 F.3d at 1383.
More troubling is the fact that the Government failed to inform the court that it filed an Amicus Brief in Phillips addressing the proper elements and methodology of claim construction. See Sept. 20, 2004, Brief for the United States Amicus Curiae (“Gov’t Phillips Amicus Brief’). The court is not surprised that Lockheed Martin would not want to draw attention to the Government’s legal position in Phillips to avoid preclusion issues *810 being raised in other patent infringement cases where Lockheed Martin may be a party. See, e.g., Montana v. United States, 440 U.S. 147, 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (Preclusion “interests are similarly implicated when non parties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved.”). The Government’s concurrence in this omission, however, requires further explanation.
Government’s counsel advised the court during the January 24, 2005 telephone status conference that “the position of the government and Lockheed has taken in this case is consistent with the governments’ amicus brief in Phillips ... so it was with cognizance [of Phillips that Defendants’ Brief was filed] and also of what the position we took in that case.” TR at 9. The record, however, belies that representation. For example, Defendants’ Brief in this case advised the court that “dictionaries may be used ‘at any time’ to educate a court as to the ordinary meaning of terms to those in the art.” Def. Brief at 8. By contrast, in Phillips, the Government argued that:
primary reliance on intrinsic evidence, rather than later-determined dictionaries that were not part of the record, generates the greatest likelihood that the claim construction will be consistent with the USP-TO’s [“broadest reasonable”] interpretation of the claims in issuing the patent. While patent examiners and prosecutors may frequently rely on their own understanding of terms, both technical and nontechnical, they rarely, if ever, explicitly rely on dictionary definitions to understand or define claim terms.... Using the dictionary as the premise ... is a problematic approach.
Gov’t Phillips Amicus Brief at 10-11 (emphasis added).
Again, in this case, the Government has advised the court that “even if construction is clear from the intrinsic evidence of record, a court may use extrinsic evidence to confirm that its construction is not contrary to the ordinary and customary meaning of words.” Defendants’ -Brief at 8. In Phillips, however, the Government argued that “the specification is always highly relevant to the claim construction analysis. Usually, it is disposi-tive; it is the single best guide to the meaning of a disputed term.” Gov’t Amicus Brief at 9-10 (citing Vitronics v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed.Cir.1996)). Therefore, the Government has advised our appellate court that if the specification is clear there is no need for an inquiry into extrinsic evidence. Id. In this case, however, the Government advised the court that even where the intrinsic evidence is clear, the court may proceed to examine extrinsic evidence. That representation is legally erroneous but also misleading under the circumstances.
The court has decided, at least for the present, not to impose a sanction for “a party or party’s attorney fail[ure] to obey a scheduling or pretrial order[,]” by excluding Defendants’ Brief or exercising its discretion to reconsider Lockheed Martin’s status as a permissive intervenor. See RCFC 16(f). The court, however, is not satisfied with statements made by counsel during the January 24, 2005 pre-hearing telephone status conference that the filing of Defendants’ Brief simply was an oversight or misunderstanding about the requirements of the October 6, 2004 Order. See TR at 10 (“Now that we are informed as to the court’s preferences ----”) (emphasis added). Precisely which of the words “each party” or “each opposing party” did the Government and Lockheed Martin fail to understand?
Therefore, the first order of business at the January 31, 2005 claim construction hearing will be further discussion about the Government’s and Lockheed Martin’s current status and the court’s jurisdiction. If the court decides to proceed, the court has determined that the procedure to be followed will be that suggested by plaintiffs, as set forth in the parties’ January 24, 2005 Joint Letter. All other agreed procedures as set forth therein also are approved by the court.
IT IS SO ORDERED.